[L. A. No. 15018. In Bank.—March 25, 1935.]

CORA L. STRATTON et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

694

J. M. Clements and James V. Brewer for Petitioners.

Everett W. Mattoon, County Counsel, W. B. McKesson, Deputy County Counsel, and Stanley E. Fox for Respondents.

LANGDON, J.—This is a proceeding by Cora L. and G. W. Stratton, petitioners, to review an order of the Superior Court annulling an order of the Municipal Court.

In December, 1933, Arthur Pinover brought an action in the Municipal Court against Cora L. and G. W. Stratton, for the sum of $1288.87 alleged to be due under a contract executed August 30, 1932. The defendants filed an answer and counterclaim for $1455. Subsequently, on January 25, 1934, the Strattons commenced an action against Pinover in the Superior Court, seeking recovery of $15,304 as damages for fraud in the inducement of the said contract, and also praying for the $1455 sought in the counterclaim filed in the first action. Petitioners allege that all of the claims of the parties in each action arose out of the same transaction, that involving the contract of August 30, 1932.

On February 17, 1934, the Strattons made a motion in the Superior Court to restrain the action in the Municipal Court. This was denied.

When the first action came to trial in the Municipal Court, the Strattons, defendants therein, offered in evidence the file of the Superior Court action, and moved to transfer the case to the Superior Court on the ground that the Superior Court action constituted a counterclaim in the Municipal Court action, and was beyond the jurisdiction of the Municipal Court. The Municipal Court, on February 26, 1934, granted the motion and certified the case to the Superior Court.

On March 23, 1934, in the Superior Court, Pinover moved to retransfer the cause to the Municipal Court, and the motion was denied in the law and motion department, without prejudice.

On April 20, 1934, Pinover made another motion to retransfer the cause, this time in the calendar department. The motion was granted, and the order of the Superior Court was thereupon made transferring the matter back to the Municipal Court. It is this order which petitioners seek to have annulled.

The main contention of petitioners is based upon the provisions of section 396 of the Code of Civil Procedure, a new section enacted in 1933, which reads in part as follows: "If an action or proceeding is commenced in a court which has jurisdiction of the subject-matter thereof as determined

by the complaint, and *it thereafter appears* from the *verified pleadings,* or *at the trial,* that the determination of the *action,* or of a *counterclaim* arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or of a *cross-complaint,* will necessarily involve the determination of questions not within the jurisdiction of the court in which the action is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings in the action or proceeding, and certify the pleadings . . . to a court having jurisdiction thereof.'' In the instant case, if the Strattons had originally counterclaimed in the Municipal Court action for the sum of $15,304 as damages for fraud, it would then have been the duty of the court, under the statute, to transfer the case to the Superior Court, for there would be a counterclaim beyond the jurisdiction of the court in which the action was filed. On this point the statute is quite clear, and it does not appear why petitioners did not follow this obvious procedure. It seems settled, also, in this state, that petitioners, having a counterclaim arising out of the transaction and beyond the jurisdictional limit of the Municipal Court, could sue in the Superior Court, and compel the plaintiff in the Municipal Court action to litigate the entire controversy in the Superior Court, by enjoining the further prosecution of the Municipal Court action. (*Todhunter* v. *Smith,* 219 Cal. 690, 694 [28 Pac. (2d) 916].) Here the Strattons did sue in the Superior Court and did move to restrain the other action. It does not appear why their motion was denied, but since this is not an appeal from or review of the order denying that motion, the matter need not be further considered. We make these observations, however, in order that it may be clear that if petitioners had a *bona fide* counterclaim arising out of the transaction involved in the first action, which counterclaim was in excess of the jurisdiction of the Municipal Court, they had a right to have the case tried in the Superior Court; and they could have achieved, and, indeed, may still achieve, this result by either of the two methods suggested above.

 But the question presented to us in this review is whether the Municipal Court had jurisdiction to transfer the case to the Superior Court when the *pleadings* did not raise any issues beyond the jurisdiction of the Municipal

Court. Petitioners did not set up their cause of action for damages as a counterclaim in the Municipal Court action; they merely offered in evidence the file of the Superior Court action. It is their contention that the words "or at the trial" in section 396 permitted them to do so; and that under this language, the Municipal Court was bound to transfer the case, because although the pleadings did not show issues beyond its jurisdiction, such issues were set up at the trial by the introduction of the file of the action in the Superior Court.

The statute relied upon is new in this state, and although it is similar to former section 838 of the Code of Civil Procedure, dealing with justices' courts, no cases have been cited to us which would be decisive of the point raised herein. It has been observed, however, in connection with the old section, that "the jurisdiction of the superior court must appear on the face of the pleadings certified to it. . . . " (*Baker* v. *Southern California Ry. Co.*, 114 Cal. 501, 506 [46 Pac. 604]; Inferior Courts, 1934 Supplement to Cal. Jur., pp. 70, 71.)

This seems to be a desirable rule, and it is the most reasonable interpretation of section 396. It is true that taken alone the words "or at the trial" would suggest that matters requiring a transfer might be raised in open court, though in fact outside the pleadings, with the result that pleadings would be certified to the Superior Court for trial therein for reasons, and upon issues, which did not appear in those pleadings. But a fair reading of the entire section shows that no such result was intended. It provides for transfer when it appears that the determination of the "action", a "counterclaim", or "a cross-complaint" will involve issues beyond the jurisdiction of the court. ▓▓ It should be obvious that a "counterclaim" means there not merely the cause of action itself, but that cause of action *pleaded* by the defendant in his answer as a counterclaim. If it is not pleaded as such, it seems wholly unreasonable to regard it as coming within the statutory provision. For the same reason, the pleading of that cause of action in a complaint in the Superior Court is not within the meaning of the section. We are unable to construe the statute to provide that a complaint in the Superior Court should be deemed a counterclaim in an action in the Municipal Court,

and we have been referred to no authority which supports such a construction. ■ The statement "or at the trial" must be taken to mean that where a cause of action is set up in the Municipal Court action by counterclaim or cross-complaint, even though lack of jurisdiction of said cause may not appear from the pleading itself, evidence may be offered at the trial which discloses the lack of jurisdiction over the cause of action so pleaded, and thereupon the court must transfer the case.

■ The foregoing discussion disposes of this proceeding, for the Municipal Court lacked statutory power to transfer the cause. Its order was, in consequence, void (see *Arroyo Ditch & Water Co.* v. *Superior Court*, 92 Cal. 47 [28 Pac. 54, 27 Am. St. Rep. 91]), and the order of the Superior Court retransferring the cause was, under the circumstances, proper.

The said order of the Superior Court is hereby affirmed.

Curtis, J., Preston, J., Waste, C. J., Shenk, J., Thompson, J., and Seawell, J., concurred.