[L.A. No. 32310. Feb. 22, 1988.]

WILLIAM B. SHAMBLIN et al., Plaintiffs and Appellants, v.
EDWIN E. BRATTAIN et al., Defendants and Respondents.

**COUNSEL**

Fred J. Martino for Plaintiffs and Appellants.

Michael R. Raftery, Horvitz, Levy & Amerian, Barry R. Levy and S. Thomas Todd for Defendants and Respondents.

## OPINION

**PANELLI, J.**—The sole issue is whether the Court of Appeal properly reversed the trial court's order setting aside a default judgment. Because there is no showing that the trial court abused its discretion, we reverse the judgment of the Court of Appeal.

The facts are largely undisputed. William B. and Grace G. Shamblin (plaintiffs) sued Brattain Homes, Inc., and Edwin E. Brattain (hereafter Brattain) as well as three other codefendants (Robert L. Cohen and Paul M. Markley, officers of Brattain Homes, Inc., and Sunshine Homes, Inc. [Sunshine], hereafter codefendants) over a real property dispute. Brattain and codefendants prevailed on most points[1] following a six-week jury trial, and plaintiffs appealed. Brattain, represented by Attorney Younger, filed a cross-appeal (contesting denial of the full amount of his requested attorney fees) which the Court of Appeal eventually dismissed for failure to pay costs of preparing the transcript. (Cal. Rules of Court, rule 10(c).)[2] Codefendants Markley and Cohen apparently represented themselves on appeal; codefendant Sunshine was represented by counsel. After his cross-appeal was dismissed, Brattain (but not codefendants Cohen, Markley and Sunshine) was erroneously deleted from the Court of Appeal clerk's mailing list by the clerk's office, even though Brattain was still a party to the appeal.

The time for Brattain and codefendants to file their response briefs having expired (rule 16(a)), the Court of Appeal clerk's office sent "Rule 17(b) notices" to the three codefendants, *but not to Brattain*. Rule 17(b) provides that if a respondent's brief is not filed within the time set by rule 16(a), "the clerk of the reviewing court shall notify the parties by mail that the case may be submitted for decision on the record and on the appellant's opening brief unless the brief is filed within 30 days. . . . If the brief is not filed within that period . . . the court may accept as true the statement of facts in the appellant's opening brief and, unless the appellant requests oral argument, may submit the case for decision on the record and on the appellant's opening brief."

The "rule 17(b) notice" sent to the codefendants advised them of the above. When still neither Brattain nor codefendants filed response briefs and none requested oral argument, the Court of Appeal issued a brief unpublished opinion in plaintiffs' favor, reversing the trial court judgment and remanding for a new trial. (*Shamblin* v. *Cohen* (Oct. 28, 1983) 4 Civ.

---

[1] Plaintiffs did win a partial victory on a minor point; the court granted Brattain only $30,000 of his requested $75,000 attorney fees.

[2] Unless otherwise noted, all references hereafter to rules are to the California Rules of Court.

25569.) Codefendants were mailed a copy of the opinion reversing judgment but Brattain was not.

Thereafter, in early 1984, plaintiffs filed a memorandum of costs on appeal and served it on codefendants Cohen and Markley and on Brattain's attorney, Younger. At least at that point, Younger must have known the appeal had been decided against his clients. Shortly thereafter Younger filed with the court a document entitled "Withdrawal and Discharge of Attorney of Record," which had been signed twice by Edwin Brattain. Below one of his signatures is his address, shown as "6200 Pegasus, Suite 9, Riverside, CA 92501."

Following the filing of the remittitur, plaintiffs had the case reset for trial. Although plaintiffs thereafter served all court documents relating to the pending retrial on Brattain at the Pegasus address (and continued to serve codefendants), Brattain did not respond. Shortly before retrial, plaintiffs settled with the three codefendants for about $45,000. Meanwhile, with the retrial date rapidly approaching, Brattain still had failed to respond to any of the pretrial notices, conferences, or other proceedings. Because Brattain failed to appear on the date set for the retrial, the court entered an $824,662.74 default judgment for plaintiffs against Brattain.

Edwin Brattain eventually discovered the judgment against him, hired new counsel, and moved to set aside the default pursuant to section 473 of the Code of Civil Procedure.[3] His verified declaration of the events leading to the default is as follows: He was misled by his attorney, Younger, to believe plaintiffs' appeal had been unsuccessful on the merits. "I assumed (after learning the appeal was lost) I would hear from somebody if I had to do anything. But since [plaintiffs] had succeeded in getting out from under the $30,000 attorney's fees [they] owed me from the trial, I believed that would end the matter." (See ante, p. 476, fn. 1.) Thereafter Younger prepared, and Edwin Brattain signed, the withdrawal form discussed above. Later he was told—possibly by one of his codefendants—that he had lost the appeal "because Younger did not show up." At this point, he "assumed it was too late to do anything about it since the appeal court had ruled. Anyway . . . I had no desire to reopen the case just to try to get that $30,000 award reinstated." Later, in the course of an unrelated business transaction, he learned in May 1985 that a default judgment had been filed

---

[3] Section 473 provides in pertinent part: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein . . . , and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken . . . ."

against Brattain. He retained new counsel and moved to vacate the default judgment in July 1985. He never intended to abandon his position and he "never had any knowledge of the . . . [court] proceedings regarding the new trial." Specifically, he did not know his attorney had withdrawn. Although Edwin Brattain's signature appears on the withdrawal form, Younger was serving as house counsel to Brattain Homes, Inc., at the time, and the withdrawal was likely included in numerous other papers prepared by Younger for his signature. Most importantly, Brattain received none of the pretrial notices that preceded the default judgment. Any material sent to Brattain at the Pegasus Street address listed on Younger's withdrawal form may not have reached Brattain because the zip code on the withdrawal form was erroneously listed as 92501 instead of 92503.

Plaintiffs countered with evidence that Edwin Brattain likely received any mail sent to the Pegasus address and therefore he must have known of the pending retrial. Plaintiffs' counsel also alleged that he called Brattain at the Pegasus address and left a message with Brattain's secretary regarding plaintiffs' motion for costs on appeal, but that Brattain never returned the call. Finally, plaintiffs argued that Brattain must have received the various pretrial documents and notices because, although some may have had an incorrect zip code, none was returned to the sender.

The trial court determined that Brattain's failure to appear at trial was excusable and granted the motion to set aside the default. The Court of Appeal reversed. It reasoned that the trial court abused its discretion in setting aside the judgment by failing to consider the "overwhelming evidence of defendants' own inexcusable neglect."

■ It is the policy of the law to favor, whenever possible, a hearing on the merits. Appellate courts are much more disposed to affirm an order when the result is to compel a trial on the merits than when the default judgment is allowed to stand. (*Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 854 [48 Cal.Rptr. 620, 409 P.2d 700].) Therefore, when a party in default moves promptly to seek relief, very slight evidence is required to justify a trial court's order setting aside a default. (*Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 233 [211 Cal.Rptr. 416, 695 P.2d 713].) ■ In the present case, Brattain promptly moved to have the default judgment set aside once he learned of it. The trial court's order granting relief was within its sound discretion and, in the absence of a clear showing of abuse of discretion, should not be disturbed. (*Weitz, supra,* 63 Cal.2d 849, 854; *In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598 [153 Cal.Rptr. 423, 591 P.2d 911].)

■ The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reason-

ably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court. (*Connolly, supra,* 23 Cal.3d 590; *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925 [101 Cal.Rptr. 568, 496 P.2d 480].)

■ Here there is substantial evidence to support the trial court's findings and its granting of relief from default. Edwin Brattain declared he received no notice of the new trial. It is undisputed that Brattain was inadvertently removed from the Court of Appeal clerk's mailing list through no fault of his own. He therefore received none of the appellate notices or rulings. Although there is some evidence that Brattain *may* have received notice of the pending trial, this alone is insufficient to show that the trial court abused its discretion. The trial court, with declarations and supporting affidavits, was able to assess credibility and resolve any conflicts in the evidence. Its findings relating to lack of notice are entitled to great weight. ■■ Even though contrary findings *could* have been made, an appellate court should defer to the factual determinations made by the trial court when the evidence is in conflict. This is true whether the trial court's ruling is based on oral testimony or declarations.[4] (*Jones* v. *Lindsey* (1952) 114 Cal.App.2d 237, 238 [250 P.2d 153].) In *Jones* the court found that although "the record reveals a lack of diligence and an absence of zeal on the part of [defendant] in his failure to pursue his cause of action . . . such fact does not compel this court to conclude that the trial judge was by reason thereof guilty of an abuse of discretion, in view of [defendant's] verified explanation." (114 Cal.App.2d at p. 239.)

In sum, because the trial court's determination of the facts supports its decision, there was no abuse of discretion. The Court of Appeal should not have substituted its own view of the facts. The judgment of the Court of Appeal is reversed.

Lucas, C. J., Mosk, J., Broussard, J., Arguelles, J., Eagleson, J., and Lillie (Mildred L.), J.,* concurred.

Appellants' petition for a rehearing was denied March 23, 1988. Kaufman, J., did not participate therein.

---

[4] Any contrary implication in *Hurtado* v. *Statewide Home Loan Co.* (1985) 167 Cal.App.3d 1019 [213 Cal.Rptr. 712] is hereby disapproved.

* Presiding Justice, Court of Appeal, Second Appellate District, Division Seven, assigned by the Chairperson of the Judicial Council.