[No. A045186. First Dist., Div. Five. Aug. 16, 1989.]

HARRY T. CAMPBELL, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
CALA FOODS, INC., et al., Real Parties in Interest.

COUNSEL

Alan G. Rodier for Petitioner.

No appearance for Respondent.

Lawrence E. Kern, Lawrence A. Bennett, Michael J. Smith and Bennett & Rowland for Real Parties in Interest.

OPINION

LOW, P. J.—In this case, we hold that a superior court may transfer a case to the municipal court when it appears that the case will not result in a verdict within the superior court's jurisdiction. (Code Civ. Proc., § 396.) We further hold that the standard of review is that for abuse of discretion.

Petitioner Harry T. Campbell filed a tort action in superior court against real parties in interest Cala Foods and Empire Security Patrol Service, Inc.

After arbitration and several settlement conferences, the superior court transferred the cause to municipal court based on its finding that petitioner could not possibly obtain a verdict in excess of $25,000, the superior court's jurisdictional minimum. (Cal. Const., art. VI, § 10; see Code Civ. Proc., § 86, subd. (a)(1).) Petitioner seeks a writ of mandate to set aside the transfer order. Because the scope of permissible transfer from superior to municipal court is a significant issue for the bench and bar, we issued an order to show cause (in lieu of an alternative writ) and heard oral argument. We uphold the transfer and deny the petition.

Petitioner's unverified complaint, attached as an exhibit to the petition, alleges that he was shopping at a Cala Foods store when he was detained by two Cala employees and an Empire Security guard and accused of shoplifting. Petitioner was not physically assaulted, but was allegedly detained by threats of assault and arrest. The complaint alleges the shoplifting accusation was wholly false, that petitioner had done nothing to arouse reasonable suspicion or probable cause he had committed theft, and that petitioner was cleared when police arrived, searched him and found no stolen items.

Petitioner further alleges that he returned to the Cala Foods a few days later, where the same Empire Security guard "assaulted" him "by shouting obscenities and threatening physical violence." In the petition's statement of facts, petitioner claims, without record citation, that the guard told him, " 'We don't like thieves or homosexuals around here.' " Petitioner asserts that this statement caused him to become angry and distressed, and he points to this statement as a primary component of the conduct for which he seeks redress from real parties. The statement, however, is not alleged in the complaint and is not included in the record before us.

Petitioner seeks damages on theories of assault and battery, false imprisonment, negligent entrustment, and intentional and negligent infliction of emotional distress. The bases for liability against Cala Foods and Empire Security are apparently threefold: confirmation or ratification of the intentional torts of their employees, respondeat superior for the tort of negligent infliction of emotional distress, and the negligent entrustment of guard responsibilities to the Empire Security guard in question. The complaint prays for general and special damages according to proof and punitive damages of $1 million. In a statement of damages submitted shortly after the complaint was filed, petitioner specified general damages of $500,000 for "humiliation, mental anguish, [and] emotional and physical distress."

It is undisputed that petitioner does not claim any special damages for medical or psychological treatment, economic loss, or loss of wages. There is no indication petitioner seeks compensation for anticipated future

medical treatment or future economic loss. We are told by real party Empire Security, without contradiction from petitioner, that petitioner testified at his deposition that he experienced severe humiliation, distress and anguish for one week after the incidents, and continues to be outraged that the incidents occurred. Petitioner does not allege he was physically assaulted, handcuffed, or arrested. It is apparent petitioner sought neither medical nor psychological treatment as a result of the altercations.

The petition emphatically pronounces that prior to the day the superior court found the case was worth less than $25,000 and ordered transfer, "the amount in controversy was not challenged by any counsel or Judge." As real parties aptly observe, this opens the door in this original proceeding to otherwise improper recitation of settlement negotiations, proffered by declarations of counsel. Eighteen months after the complaint was filed, petitioner made a $60,000 prearbitration settlement demand, which he then reduced to $35,000. Real parties made a counteroffer of $3,500, which petitioner rejected. Four months later an arbitrator awarded petitioner $1,400 against Empire Security and nothing against Cala Foods. Petitioner rejected the award and requested trial de novo.

Judge Stuart R. Pollak conducted a settlement conference at which Empire Security and Cala Foods offered $5,000 and $500, respectively. Petitioner adhered to his demand of $35,000 and refused the offers. Two months later, while the case was awaiting a courtroom for trial, a second settlement conference was held by Judge Robert L. Dossee. Empire Security increased its offer to $10,000, and petitioner reduced his demand to the jurisdictional floor of $25,000. Once again, the case failed to settle. Counsel for Cala Foods declares that in both settlement conferences the trial courts spent substantial time persuading petitioner to settle for the amount offered. At oral argument, both below and in this court, petitioner contests this point and denies that either settlement judge valued his case at less than $25,000.

The matter was again set for trial, and the parties appeared before Judge Ollie Marie-Victoire as acting presiding judge. After a discussion in chambers, the court indicated on the record a thorough knowledge of the facts and circumstances of the case, as evidenced by references to the $10,000 settlement offer, the $1,400 arbitration award, and the nature of petitioner's damage claims. The court also stated, "I have previously been involved in this, trying to settle the case." The court then concluded, "I find there is no possible way an award over twenty-five thousand dollar[s] could be had" by petitioner, and accordingly transferred the cause to municipal court. This petition ensued.

Code of Civil Procedure section 396 (hereafter section 396) provides that "[i]f an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint [or] petition," the action shall be transferred to the court having jurisdiction. The statute further provides that "[i]f an action or proceeding is commenced in or transferred to a court which has jurisdiction of the subject matter thereof as determined by the complaint or petition, *and it thereafter appears from the verified pleadings, or at the trial, or hearing,* that the determination of the action or proceeding . . . will necessarily involve the determination of questions not within the jurisdiction of the court," the court must transfer the proceedings to a court with jurisdiction. (Italics added.)

■ Petitioner initially contends that the sole determinant of the jurisdictional value of a case is the amount prayed for in the complaint, and the $1 million prayer for punitive damages prevents transfer to municipal court. Petitioner correctly notes the general rule that the amount of the prayer controls jurisdiction, unless the prayer is fraudulent or fictitious on its face. (2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 19, p. 385; *Depretto v. Superior Court* (1981) 116 Cal.App.3d 36, 39 [171 Cal.Rptr. 810]; *Davis v. Superior Court* (1972) 25 Cal.App.3d 596, 599-600 [102 Cal.Rptr. 238].) " 'Ordinarily the relief claimed when the action is instituted determines the jurisdiction of the court over the subject matter for the entire proceeding. [Citations.] To ascertain the nature of and amount in controversy for determining the jurisdiction of the subject matter the complaint as a whole may be examined. [Citations.]' " (*Davis* v. *Superior Court, supra,* at p. 599, quoting *Sellery* v. *Ward* (1942) 21 Cal.2d 300, 304-305 [131 P.2d 550].)

This oft-cited general rule, however, must be read in tandem with the specific language of section 396, which provides for transfer to a court of competent jurisdiction when, subsequent to the filing of the complaint, it "appears" from the pleading or at a "trial" or "hearing" that the host court lacks jurisdiction over the cause. Witkin notes that transfer can occur in two instances: the first where the lack of jurisdiction is evident upon filing of the complaint due to the amount of damages claimed, and the second "where the proceeding is originally commenced in . . . a court with jurisdiction under the allegations of the complaint or petition, and the lack of jurisdiction over the complaint . . . appears thereafter, either (1) from the verified pleadings, or (2) at the trial or other hearing." (2 Witkin, *op. cit. supra,* § 326, pp. 743-744.) The statutory language obviously provides for some form of a comparative evaluation of the actual facts of the case and the allegations of the complaint and the damages claimed in the prayer. (Cf. *Stratton* v. *Superior Court* (1935) 2 Cal.2d 693, 698 [43 P.2d 539] ["even though lack of jurisdiction of [a] cause may not appear from the pleading

itself, evidence may be offered at the trial [or other hearing] which discloses the lack of jurisdiction over the cause of action so pleaded . . . ."].)

Petitioner maintains that *Davis* and *Depretto* illustrate the rule that the amount of the prayer must always prevail. In *Davis,* the trial court transferred the cause to municipal court at a settlement conference well over a year after the filing of the complaint, which prayed for damages within the scope of superior court jurisdiction. The settlement judge, after hearing the details of the plaintiff's actual (and substantial) special damages for extensive physical injuries, formed the "opinion" that the case "would not justify a verdict" over the superior court minimum. (25 Cal.App.3d at p. 598.) In *Depretto,* the trial court transferred the cause over two years postfiling, on the apparent ground that the value of an arbitrator's award conclusively demonstrated the plaintiff's case could not rise to the jurisdictional minimum. (116 Cal.App.3d at pp. 38-39.) Both opinions resolve the transfer issue by reciting the general rule, without delving into the meaning of the statutory language permitting a fact-based transfer, and without discussion of the permissibility of the transfer in the case before the court.[1] Indeed, both decisions imply, contrary to the statutory language, that a trial court cannot transfer a case which prays for superior court damages regardless of the actual value as assessed at a trial or hearing. We must disagree with any such implication; under the language of section 396 the trial court may, in its discretion and under appropriate circumstances, evaluate the facts of a case and determine that a verdict within the limits of superior court jurisdiction will not be had.[2]

Although the statute simply states that it must "appear" to the trial court that it lacks jurisdiction, a transfer to municipal court must not be made

---

[1] The exact basis of *Depretto's* holding is unclear. While the case appears to set aside the transfer because the trial judge accepted the arbitrator's award of $6,000 as the fixed value of the case, the opinion suggests another basis for the result. At the time the plaintiff filed her complaint, the jurisdictional minimum of the superior court was $5,000. During the pendency of the case, the Legislature raised the minimum to $15,000, well above the arbitration award, but the trial judge apparently overlooked the legislative declaration that the new limits would not affect cases already filed. (See discussion, *Depretto, supra,* 116 Cal.App.3d at p. 38.) Thus, without regard to the legitimacy of the trial court's transfer power, the *Depretto* court would have set aside the transfer for failure to heed to legislative declaration of nonretroactivity of the increase of the jurisdictional limit.

[2] Petitioner does not rely on section 396's proviso that "[n]othing herein shall be construed to require the superior court to transfer any action or proceeding because the judgment to be rendered, as determined at the trial or hearing, is one which might have been rendered by a municipal or justice court in the same county or city and county." This language has been construed as rendering discretionary the normally mandatory duty of transfer for want of jurisdiction in those instances when the want becomes patent from the facts or evidence presented to the superior court. (See *Wexler* v. *Goldstein* (1956) 146 Cal.App.2d 410, 414 [304 P.2d 41]; 2 Witkin, *op. cit. supra,* § 329, pp. 745-746; see also *People* v. *Pacific Employers Ins. Co.* (1973) 36 Cal.App.3d 296, 300 [111 Cal.Rptr. 350].) The language clearly does not *prevent* such a transfer.

unless the lack of jurisdiction is clear. A transfer deprives the plaintiff of the forum of original choice, and, unless set aside on review, precludes the plaintiff from proving damages greater than those available in an inferior court. (See *Davis* v. *Superior Court, supra,* 25 Cal.App.3d at p. 601; cf. *Barry* v. *Edmunds* (1886) 116 U.S. 550, 565-566 [29 L.Ed. 729, 734, 6 S.Ct. 501].) A decision to transfer made without proper evaluation of the facts and circumstances of the case, or motivated by a desire to diminish court case-loads, would violate a plaintiff's interests.

■ Assuming arguendo that transfer is permissible in general, petitioner contended at oral argument that his case is not amenable to transfer and the superior court abused its discretion by evaluating his case at less than $25,000. We disagree. In this case, unlike *Davis* or *Depretto,* the trial court did not order transfer by applying its own "opinion" of the case's worth or by mechanically applying an arbitrator's award as the exclusive measure of court damages. The record reveals the trial judge was personally familiar with the facts and circumstances of the case, having been personally in-volved in settlement negotiations. We may accordingly assume the trial judge's familiarity went well beyond the bare allegations of the complaint to the actual facts and the actual damages suffered. In addition to her personal experience, the trial judge had the benefit of three separate evaluations of the case: the arbitration award and settlement proceedings before two different judges. The trial judge noted for the record that the arbitrator who valued this case at $1,400 after an evidentiary hearing was a highly qualified and experienced attorney from a well-known major law firm. The trial judge was well aware that petitioner's case lacked special damages for medical treatment or wage loss, and sought only general damages for men-tal/emotional distress and punitives. The absence of any direct physical or economic injury, as viewed by two judges and an arbitrator, was no doubt a significant factor in the trial judge's decision—the absence of special dam-ages was specifically mentioned by the judge on the record.

At oral argument, petitioner emphasized his punitive damages claim as precluding a transfer to municipal court. Real parties pointed out that since the allegedly offending guard is not an active defendant, punitive damages could only be recovered vicariously against the guard's employer, Empire Security, or Cala Foods as the principal of the guard company. Such vicari-ous recovery is made problematic by the strict requirement of clear and convincing evidence either (1) that the principal or employer had advance knowledge of the unfitness of the employee and employed him with con-scious disregard of the safety of others, or (2) that the principal or employer ratified or authorized the offensive conduct of the employee. (BAJI No. 14.73 (1988 rev.).) Given the trial judge's familiarity with the facts of this case, we may conclude the transfer was based on a determination that

substantial punitive damages would not be awardable on a restrictive theory of vicarious liability.

In light of all these factors, viewed in the context of a case alleging no physical injury or no emotional injury requiring treatment or economic harm, we cannot say the trial court abused its discretion in finding that a superior court verdict was virtually unattainable. We of course do not make light of petitioner's case. If his allegations are true, he has been the victim of substantial mental and emotional distress. Neither do we make light of the type of conduct alleged; rather, we simply hold that in this case, on these facts and these types of alleged damages, the trial court's discretionary ruling was not an abuse of discretion.

Petitioner also maintains that the hearing below was insufficient to qualify as a "trial or hearing" under section 396. Petitioner first argues the hearing was "abrupt" and the trial judge's decision not fully considered. The record belies this contention in that it shows both the trial judge's familiarity with the case and an in-chambers discussion prior to the hearing. Petitioner implies he was surprised by the transfer ruling, yet he indicated no surprise at the hearing, did not object that the court ordered transfer sua sponte and without a noticed motion, and did not request a continuance for written argument. Given the indication in the record of a prehearing in-chambers discussion, petitioner was clearly not surprised at the trial court's action.[3]

Petitioner next complains that the hearing was too short and was not evidentiary. Since the statute specifies a "trial or hearing," we may assume the Legislature contemplated transfers based on the short nonevidentiary hearing typical of law and motion matters. Such a hearing can accomplish evaluation of the transfer issue without growing into a "minitrial." Given the narrow scope of the fact-based transfer power, and the narrow class of cases in which transfer is warranted, the factors supporting such a transfer, such as the lack of physical injury or special damages, will be evident to the trial judge without formal evidentiary proof. A transfer must be carefully contemplated, but may be accomplished after a short hearing.

This case has been evaluated several times by three different judges and an arbitrator. Given the facts of the case, especially the absence of economic harm and either physical or emotional injury requiring treatment, we cannot say the trial court abused its discretion in finding that a superior court

---

[3] For future cases, a noticed motion procedure would be preferable to the court proceeding sua sponte. In this way, the plaintiff will be assured of adequate notice to resist transfer. Assuming proper notice, the transfer mechanism does not, as petitioner contends, deny due process or the right to trial by jury.

verdict simply could not be obtained. Having so stated, we rush to caution superior courts that transfers should be ordered sparingly and only in the clearest of circumstances, after a thorough review of the facts of the case and preferably not until an arbitration award has been obtained to assist in the evaluation process.

We recognize that the consequences to the transferred plaintiff are extreme, but a plaintiff aggrieved by a transfer order may seek review by petition for extraordinary writ. (2 Witkin, *op. cit. supra,* § 326, p. 744.) We anticipate that a carefully exercised transfer power will rarely result in the transfer of a case which may result in a superior court verdict. As the parties agreed at oral argument, in the event a plaintiff's evidence in municipal court shows the likelihood of a superior court verdict, the plaintiff may move for retransfer to superior court. (*Op. cit. supra.*)

The order to show cause is discharged. The petition for writ of mandate is denied. The parties shall bear their own costs.

King, J., and Haning, J., concurred.