[No. D010421. Fourth Dist., Div. One. Dec. 4, 1989.]

ROBIN G. WILLIAMS, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
RD INSTRUMENTS, Real Party in Interest.

**COUNSEL**

Phillips, Campbell, Haskett & Noone and Frederick Phillips for Petitioner.

No appearance for Respondent.

Littler, Mendelson, Fastiff & Tichy and Jody A. Landry for Real Party in Interest.

## OPINION

**HUFFMAN, J.**—Robin G. Williams petitions this court for a writ of mandate to overturn an order of the superior court transferring his action for wrongful termination to the municipal court. That order was issued by a judge who conducted settlement proceedings following arbitration and concluded based on his analysis of the pleadings and the history of the action that the contract cause of action would not likely support an award of damages meeting the superior court jurisdictional limit of $25,000 or more. This petition presents a recurring issue of considerable importance to counsel and the courts, and therefore we have requested supplemental briefing and heard oral argument on the matter.[1]

Having analyzed the applicable statutory provisions and the facts as presented to the settlement judge, we conclude the court acted within its authorized discretion in transferring this case to the municipal court. We therefore deny the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

Williams, a British citizen, filed a superior court action on November 24, 1987, for breach of contract and related theories, seeking damages for alleged wrongful termination from RD Instruments (RDI), his former employer. His complaint includes as exhibits a letter from RDI offering him employment, stating no particular term of years, and a letter from RDI to the Immigration and Naturalization Service requesting a visa for Williams for a period of three years, on the basis that "[w]e estimate that approximately a three-year period of time will be sufficient for Dr. Williams to complete his responsibilities and train other personnel capable of handling his position within our organization."

Upon motion by RDI,[2] Williams's related causes of action for promissory estoppel, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and fraud were dismissed in the law and motion department in light of the ruling in *Foley* v. *Interactive Data*

---

[1] After the petition and response were filed, the First District Court of Appeal issued an opinion in *Campbell* v. *Superior Court* (Cala Foods, Inc., real party in interest) (1989) 213 Cal.App.3d 147 [261 Cal.Rptr. 509] in which the court approved an interpretation of Code of Civil Procedure section 396 authorizing the superior court to make transfers to municipal court in cases such as the one before us. We asked for and obtained supplemental briefing by both parties as to the effect of *Campbell* on this case.

Herein, all statutory references are to the Code of Civil Procedure unless otherwise specified. When referring to statutory subparts we omit repetition of the word "subdivision."

[2] Although RDI brought a motion for summary judgment (§ 437c), the court treated it as a motion for judgment on the pleadings.

*Corp.* (1988) 47 Cal.3d 654 [254 Cal.Rptr. 211, 765 P.2d 373]. The contract cause of action praying for damages in excess of $150,000 survived the motion and is the subject of the challenged transfer proceedings.

Following judicial arbitration proceedings which resulted in an award in favor of RDI, Williams sought a trial de novo. A settlement conference was held resulting in no significant progress on the case. A second settlement conference was ordered before the same judge and the parties were required to file settlement briefs stating their estimation of the damages sought, to assist the court in conducting settlement negotiations and to respond to the court's concern that the case might not meet the $25,000 jurisdictional limit for superior court. (§ 86(a)(1).)

In his "Statement of Damages" filed with the settlement judge, Williams reiterated his position that he had been hired for a period of three years although he had been terminated after ten months. He placed his damages for moving expenses at $14,590, his total lost wages for a three-year period at $28,244, and for a hypothetical additional seven-year period at $97,405, thus resulting in a grand total of damages claimed of $140,239.

In RDI's "Statement of Position in Regards to Special Settlement Conference," it outlined the history of the employment relationship between the parties, denying there was any contract of employment, and arguing that even if there were, Williams had been terminated for good cause. Assuming, however, a two-year contract existed because of the undisputed fact Williams had obtained a two-year visa, RDI estimated his damages for loss of earnings at $12,311 when taking into account his later employment. Although Williams claimed damages for moving expenses of $14,590, RDI claimed many of those expenses were "questionable," and stated he would only be able to show a loss of $5,000, thus placing his actual damages at around $18,000.

After considering these briefs and hearing argument by the parties, the settlement judge on his own motion ordered the matter transferred to the municipal court on the basis Williams was unlikely to recover damages of $25,000 or more. He explained his ruling on the record by stating he was aware Williams had only obtained a two-year visa and concluding it was doubtful under the facts shown that Williams could establish the existence of a contract. Even if Williams could show a contract had been entered into, the judge found it would be limited to a two-year period: "Anything beyond two years then is speculation that he would even be in the country. So I don't think you can read this as being a three-year contract." The court then stated the arbitration award in favor of RDI was a consideration which

could properly be taken into account, and ordered the transfer fees waived. (§ 399.) This petition promptly followed.

## DISCUSSION

■ Williams contends the trial court abused its discretion in transferring the case to municipal court as the amount prayed for by the complaint on its face met the jurisdictional limit of $25,000. He also argues the trial court improperly considered the arbitration award in favor of RDI in making its decision to transfer the case.

The parties have correctly framed the issue presented as whether the order of transfer constituted an abuse of discretion by the trial court. ■ Although generally the provisions of section 396[3] are mandatory and jurisdictional (2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 322, p. 739), an exception applies here. Section 396 in its fifth paragraph allows the superior court the discretion to retain for decision those cases in which the judgment to be rendered, as determined at a trial or hearing, could also have been rendered by a municipal or justice court. (*Campbell* v. *Superior Court, supra,* 213 Cal.App.3d 147, 152, fn. 2; *Wexler* v. *Goldstein* (1956) 146 Cal.App.2d 410, 414 [304 P.2d 41].)

■ We therefore are required to evaluate the challenged order in light of guidelines for review of an exercise of discretion recently expressed by the Supreme Court in *Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 478-479 [243 Cal.Rptr. 902, 749 P.2d 339]: "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court. [Citations.]"

---

[3] Section 396 provides in pertinent part: "If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition," the action shall be transferred to the court having jurisdiction, either on motion of the parties or on the court's own motion. This section further provides in its second paragraph: "If an action or proceeding is commenced in or transferred to a court which has jurisdiction of the subject matter thereof as determined by the complaint or petition, and it thereafter appears from the *verified pleadings, or at the trial, or hearing,* that the determination of the action or proceeding . . . will necessarily involve the determination of questions not within the jurisdiction of the court, in which the action or proceeding is pending, *the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action or proceedings . . . to a court having jurisdiction thereof . . . .*" (Italics added.) After several other provisions not pertinent herein, the section continues in a fifth paragraph: "Nothing herein shall be construed to require the superior court to transfer any action or proceeding because the judgment to be rendered, as determined at the trial or hearing, is one which might have been rendered by a municipal or justice court in the same county or city and county. . . ."

An alternate statement of the test for an abuse of discretion was made in *IT Corp.* v. *County of Imperial* (1983) 35 Cal.3d 63, 69 [196 Cal.Rptr. 715, 672 P.2d 121]: "A trial court will be found to have abused its discretion only when it has ' "exceeded the bounds of reason or contravened the uncontradicted evidence." ' [Citations.]"

■ A writ of mandate to compel the exercise of discretion in a particular manner by a court will lie only where the facts would support only one decision. (*Nathanson* v. *Superior Court* (1974) 12 Cal.3d 355, 361 [115 Cal.Rptr. 783, 525 P.2d 687].)

■ Here, the settlement judge had several items of information before him on which to base a decision. These included a consideration of the pleadings and settlement briefs, knowledge of the prior arbitration proceedings and award, and some familiarity with the case through two unsuccessful settlement conferences he conducted.

These circumstances are similar to those which led to a transfer from superior court to municipal court in *Campbell* v. *Superior Court, supra,* 213 Cal.App.3d 147. In *Campbell,* the court had before it a tort case alleging assault and battery, false imprisonment and other theories. No special damages were alleged, although general damages of $500,000 were sought along with $1 million punitive damages. Judicial arbitration resulted in an award to the plaintiff in the amount of $1,400 from one defendant and nothing from another. Two unsuccessful settlement conferences were held and trial was scheduled. The matter came before the acting presiding judge, who was familiar with the facts, having assisted in attempting to settle the case, and who determined in light of the events at issue and the arbitrator's assessment that a superior court verdict was virtually unattainable. (*Id.* at p. 150.) Accordingly, the judge transferred the case to the municipal court. That decision was upheld on appeal.

The court in *Campbell* found it appropriate for a trial court to consider the results of an arbitration. It also recognized the trial court, familiar with the facts of the case, could engage in some weighing of those facts in order to make a proper exercise of its discretion. A decision by the trial court based upon such evaluation is reviewable on appeal for abuse of discretion. (*Campbell* v. *Superior Court, supra,* 213 Cal.App.3d at p. 152.)

■ In *Campbell,* the court recognized the general rule that the amount of damages sought in the prayer controls the determination of jurisdiction for a civil action, unless the prayer is fraudulent or fictitious on its face. (2 Witkin, *op. cit. supra,* § 19, p. 385; *Depretto* v. *Superior Court* (1981) 116 Cal.App.3d 36, 39 [171 Cal.Rptr. 810]; *Davis* v. *Superior Court* (1972) 25

Cal.App.3d 596, 599-600 [102 Cal.Rptr. 238].) On this point, the court cited *Davis* v. *Superior Court, supra,* at p. 599, quoting *Sellery* v. *Ward* (1942) 21 Cal.2d 300, 304-305 [131 P.2d 550]: " 'Ordinarily the relief claimed when the action is instituted determines the jurisdiction of the court over the subject matter for the entire proceeding. [Citations.] To ascertain the nature of and amount in controversy for determining the jurisdiction of the subject matter the complaint as a whole may be examined. [Citations.]' " (*Campbell* v. *Superior Court, supra,* 213 Cal.App.3d at p. 151.)

The court in *Campbell* went on to observe, and we agree, the general rule outlined above must be considered in light of the specific language of section 396 which authorizes transfer to a court of competent jurisdiction when, subsequent to the filing of the complaint, it "appears" from the pleading or at a "trial" or "hearing" that the host court lacks jurisdiction over the cause. (2 Witkin, *op. cit. supra,* § 326, pp. 743-744.) The court explained: "The statutory language obviously provides for some form of a comparative evaluation of the actual facts of the case and the allegations of the complaint and the damages claimed in the prayer. (Cf. *Stratton* v. *Superior Court* (1935) 2 Cal.2d 693, 698 . . . ['even though lack of jurisdiction of [a] cause may not appear from the pleading itself, evidence may be offered at the trial [or other hearing] which discloses the lack of jurisdiction over the cause of action so pleaded . . .' ].)" (*Campbell* v. *Superior Court, supra,* 213 Cal.App.3d 147, 151-152.)

■ Williams urges *Davis* (*supra,* 25 Cal.App.3d 596) and *Depretto* (*supra,* 116 Cal.App.3d 36) bind the trial court in its management of the case to make jurisdictional determinations solely from the amount claimed in the prayer. However, neither of those cases undertook to examine the meaning of the language contained in section 396 permitting fact-based transfers; without discussion of this authority, both decisions disapproved the transfer to the municipal court. We agree with the analysis *Campbell* makes of those two opinions, and similarly reject any implication in *Davis* and *Depretto* that a trial court is deprived of the discretion under appropriate circumstances to evaluate the facts of the case and to determine that a judgment within the limits of the superior court jurisdiction could not be obtained.

Although the facts in the case before us and in *Campbell* differ, the factors underlying the court's exercise of discretion are functionally the same. In *Campbell,* the court evaluated the potential ability of the plaintiff to recover general damages in excess of $25,000 in light of the lack of any alleged special damages and the findings of the arbitrator. Here, the trial court looked to the question of whether the plaintiff would be able to prove

a contract at all and, if so, the term of years for which the contract was appropriate. It was aware no tort damages could be pursued in light of the earlier ruling granting a partial judgment on the pleadings. As requested, both parties had supplied the court with their estimations of the amount of damages at stake.

Under all of the circumstances, the court acted properly in considering the arbitrator's award,[4] the complaint and its attached documents, and the remaining materials presented at the settlement conference. At this stage of the proceedings, the settlement judge was entitled to make his own assessment of whether the necessary elements of contract damages could be proven to bring the case within the monetary jurisdiction of the superior court. We find such a weighing of pertinent factors by an informed trial judge to be entirely consistent with the discretion authorized by section 396.

■ Although the court in *Campbell* v. *Superior Court, supra,* 213 Cal.App.3d at pages 154-155, approved the trial court's discretionary decision, the court there addressed a warning to trial courts considering an exercise of discretion in these matters, stating at page 155: "[W]e rush to caution superior courts that transfers should be ordered sparingly and only in the clearest of circumstances, after a thorough review of the facts of the case and preferably not until an arbitration award has been obtained to assist in the evaluation process."

We think the caution offered in *Campbell* is well taken and must be reiterated here. We first note that in future cases, a noticed motion or order to show cause procedure is preferable to sua sponte action by the court.[5] Such orderly proceedings will assure that litigants, given adequate notice, will have a full opportunity to resist transfer and to inform the trial court of all the matters it should consider in the sound exercise of its discretion.[6]

---

[4] In this case, the arbitrator found no liability on the part of RDI. We agree with Williams's counsel's observation at oral argument that such a defense award should be less persuasive to a superior court judge considering transfer of an action than would be an award of a small amount of damages well below the jurisdictional limit. A defense award should not be used as sole support of a conclusion that the plaintiff would also recover nothing before a different trier of fact at a trial de novo. The superior court judge in this case, however, did permissibly weigh that award as one of several factors (e.g., the pleadings, settlement statements, etc.) in assessing the likelihood of the plaintiff ultimately being able to prove damages in excess of the jurisdictional limit.

[5] In this case, we are satisfied Williams had a fair opportunity to respond and argue the issue of transfer, and was not prejudiced by the procedure followed here.

[6] An additional remedy available to a litigant transferred to municipal court is a motion for retransfer to the superior court in the event he or she is able to later establish evidence showing the likelihood of a superior court verdict. (See 2 Witkin, *op. cit. supra,* §§ 326, 329-330, pp. 743-748.)

■ We further emphasize we have approved the exercise of discretion in this case because the court, being fully informed of the facts, made a thorough examination of the pleadings and settlement briefs, noted the apparent limitations on Williams's ability to prove contract damages, and considered the findings of a qualified arbitrator. (See fn. 4, *ante*.) With such factors having been considered and there appearing no surprise or unfairness to the plaintiff, we discern no abuse of discretion. ■ We assume, however, transfers to municipal court will not be a regular event or an unfettered means of clearing crowded calendars. As far back as 1972, the court in *Davis, supra,* 25 Cal.App.3d 596, 601, recognized: "[T]here is a legitimate need to cut down the caseload of the superior courts. It cannot be fulfilled, however, by depriving litigants of their right to attempt to establish damages within the jurisdiction of that court."

Nevertheless, a responsible exercise of discretion is in some cases warranted to determine that, in light of the properly evaluated status of a particular case, a litigant's right to attempt to establish a certain level of damages must at some point be found to have been forfeited. Unquestionably, trial courts have the ability to look beyond the face value of a case to evaluate its true worth and to administer ever-increasing caseloads accordingly.

■ The petition for writ of mandate is denied. The parties shall bear their own costs.

Kremer, P. J., and Froehlich, J., concurred.