[No. B047533. Second Dist., Div. Three. Mar. 28, 1990.]

STEPHANIE WILLIAMS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
GEMCO/LUCKY STORES, INC., Real Party in Interest.

**COUNSEL**

Steve Mazin for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

**OPINION**

**THE COURT.**\*—Stephanie Williams, the plaintiff in a slip-and-fall accident, is petitioning for a writ directing the respondent court to vacate its order transferring the case to the municipal court based on the amount in controversy.[1]

The issues are (1) whether the superior court has discretion to transfer a case to the municipal court upon a determination the plaintiff cannot obtain a judgment in excess of $25,000, the jurisdictional minimum of the superior court, and, if so, the permissible scope of such transfer; and (2) whether the superior court abused its discretion in ordering a transfer under the specific circumstances present here.

We hold that the superior court has discretion pursuant to Code of Civil Procedure section 396[2] to transfer a case to the municipal court. Such a

---

\* Before Klein, P. J., Danielson, J., and Croskey, J.

[1] We notified all parties of our intention to issue a peremptory writ in the first instance, providing all parties with the opportunity to file a response to the petition. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) No opposition has been filed.

[2] All statutory references are to the Code of Civil Procedure.

transfer requires a hearing to be conducted. The trial court must be thoroughly familiar with the case and have evaluated the allegations in the pleadings, including the amount in the prayer of the complaint. Also to be considered are any assessments made in any settlement conference and the value of the case as determined through any arbitration proceedings.

We find the transfer to the municipal court in this case was an abuse of discretion and grant the peremptory writ.

## BACKGROUND

The action was originally filed in municipal court but was transferred to superior court following the filing of the first amended complaint, which added an allegation that Williams's damages exceeded the jurisdictional limits of the municipal court. The matter was submitted to arbitration with an award of $17,000 entered in favor of Williams.

After Williams filed a request for trial de novo, defendant Gemco/Lucky Stores, Inc. (Lucky), requested Williams's psychiatric records. When Williams refused the request, Lucky filed a motion to compel production. Shortly before the hearing on the discovery motion the parties resolved the discovery dispute.

Counsel for Williams did not appear at the hearing because Lucky's counsel had agreed to appear to request the motion be taken off calendar. The respondent trial court denied the request to take the matter off calendar and entered an order granting the motion to produce psychiatric records on the ground Williams's claim for lost wages was based in part upon her psychiatric disability.[3]

On its own motion the trial court then transferred the action to municipal court solely because the amount of the arbitration award was less than the jurisdictional limit of the superior court. On September 27, 1989, Williams's motion for reconsideration was heard, which motion was not opposed by Lucky. The trial court took the matter under submission.

On December 29, 1989, the trial court issued an order denying the motion to reconsider, holding: "Regardless of the alleged wage loss of $44,000.00, which amount exceeds the jurisdiction of the municipal court, an arbitration award of $17,000.00 constitutes a prior determination of an amount less than the jurisdictional limit of the superior court; [*Campbell* v.

---

[3]The order granting the motion to produce is not challenged here.

*Superior Court* (1989) 213 Cal.App.3d 147 [261 Cal.Rptr. 509] (rev. den. Dec. 14, 1989)]."

This petition followed.

## DISCUSSION

### A. *Authority to Transfer*

The power to order transfer is provided in section 396 which, in pertinent part, provides: "If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this state which has such jurisdiction, the action . . . shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter which may be agreed upon by the parties, or, if they do not agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof, and it shall thereupon be entered and prosecuted in the court to which it is transferred as if it had been commenced therein, all prior proceedings being saved. . . . [¶] If an action or proceeding is commenced in or transferred to a court which has jurisdiction of the subject matter thereof as determined by the complaint or petition, and it thereafter appears from the verified pleadings, or at the trial, or hearing, that the determination of the action or proceeding, or of a cross-complaint, will necessarily involve the determination of questions not within the jurisdiction of the court, in which the action or proceeding is pending, the court, whenever such lack of jurisdiction appears, must suspend all further proceedings therein and transfer the action or proceeding and certify the pleadings (or if the pleadings be oral, a transcript of the same), and all papers and proceedings therein to a court having jurisdiction thereof which may be agreed upon by the parties, or, if they do not agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof."

■■ ■■ ■■ A transfer must be made only when the lack of jurisdiction[4] is clear on the face of the record before the court because the transfer deprives the plaintiff from attempting to prove damages greater

---

[4]The test of the superior court's jurisdiction of an action at law is the amount in controversy. The superior court does not have concurrent jurisdiction with the municipal courts within the same county. (*Norton* v. *Baranov* (1935) 4 Cal.2d 443, 444 [50 P.2d 67]; *Cambra* v. *Justice's Court* (1935) 4 Cal.2d 445, 446-447 [49 P.2d 1121].) A superior court of a county thus has jurisdiction of any action except where jurisdiction is conferred on a municipal or justice court. (*See* 2 Witkin, Cal. Procedure (3d ed. 1985) Courts, § 166, p. 192; 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, §§ 545-549, pp. 572-577.)

than those available in the municipal court. (*Davis* v. *Superior Court* (1972) 25 Cal.App.3d 596, 600-601 [102 Cal.Rptr. 238].)

In determining whether transfer to the municipal court should be ordered, the superior court may not "arbitrarily" disregard the prayer of the complaint, but may examine the subject matter of the complaint as a whole. (*Id.* at p. 599.) The statute provides for transfer, even though the parties "do not agree,"[5] whenever an evaluation of the facts of the case based upon the allegations in the complaint, the damages alleged in the prayer, and evidence offered at a hearing reveal that the court is without jurisdiction to hear the matter. (*Stratton* v. *Superior Court* (1935) 2 Cal.2d 693, 698 [43 P.2d 539]; *Campbell* v. *Superior Court* (1989) 213 Cal.App.3d 147, 151 [261 Cal.Rptr. 509].)

B. *The Campbell Case*

In making the order to transfer this case to municipal court, the trial court herein cited *Campbell* v. *Superior Court, supra,* 213 Cal.App.3d 147, as holding an arbitration award "constitutes a prior determination" of the amount in controversy. The *Campbell* court made no such holding.

In *Campbell,* the plaintiff did not request special damages for medical treatment or wage loss, but sought $1 million in general and special damages for " 'humiliation, mental anguish [and] emotional and physical distress' " arising from an accusation of shoplifting by security guards at a food store. (213 Cal.App.3d at p. 149.) The arbitration award in *Campbell* was $1,400.

In *Campbell,* "the trial court did not order transfer . . . by mechanically applying an arbitrator's award as the exclusive measure of court damages." (213 Cal.App.3d at p. 153.) Instead, the trial court was "personally familiar with the facts and circumstances of the case, having been personally involved in settlement negotiations. We may accordingly assume the trial judge's familiarity went well beyond the bare allegations of the complaint to the actual facts and the actual damages suffered. In addition . . ., the trial judge had the benefit of three separate evaluations of the case: the arbitration award and settlement proceedings before two different judges." (*Ibid.*)

Based upon an evaluation of these relevant factors, the trial court in *Campbell* determined the action necessarily involved an amount less than the jurisdictional minimum of the superior court and ordered the transfer to

---

[5] In this respect, section 396 is unlike rule 1106.4.3.2 of the Local Rules of the Los Angeles Superior Court, which provides for the court to consider with counsel a stipulation for an amendment to the complaint and transfer to the municipal court.

municipal court pursuant to the power vested in that court by section 396. In upholding the transfer, the *Campbell* court referred to the "absence of economic harm and either physical or emotional injury requiring treatment," holding, that based on such facts, the order transferring the case to the municipal court was not an abuse of discretion. (213 Cal.App.3d at p. 154.) In so holding, *Campbell* cautioned that transfer should be ordered only after a thorough review of the facts and only in the clearest of circumstances. (213 Cal.App.3d at p. 155.)

## C. *The Williams Case*

*Williams* v. *Superior Court* (1989) 216 Cal.App.3d 378 [264 Cal.Rptr. 677] agreed with the rationale of *Campbell,* holding the trial court engaged in the settlement did not abuse its discretion by transferring the case to the municipal court. The trial court was fully informed of all aspects of the case. It had considered the pleadings and settlement briefs, the arbitration award, which had been in an amount less than the jurisdictional limit of the superior court, and had handled the case through two unsuccessful settlement conferences. (*Id.* at p. 384.) The trial court also considered whether plaintiff would be able to prove the alleged contract of employment and the term of the contract. Further, it was aware that no tort damages could be recovered. (*Id.* at pp. 385-387.)

*Williams* rejected the concept a trial court is without discretion to evaluate the facts of the case and to determine a judgment greater than the jurisdictional minimum can not be obtained. (216 Cal.App.3d at p. 385.)[6] "[A] weighing of pertinent factors by an informed trial judge [is] entirely consistent with the discretion authorized by section 396." (216 Cal.App.3d at p. 386.)

*Williams* reaffirmed the caution that a noticed motion is preferable to a sua sponte action by the court and that " 'transfers should be ordered sparingly and only in the clearest of circumstances, after a thorough review of the facts of the case . . . .' " (216 Cal.App.3d at p. 386, quoting *Campbell* v. *Superior Court, supra,* 213 Cal.App.3d at p. 155.)

"We assume, however, transfers to municipal court will not be a regular event or an unfettered means of clearing crowded calendars. . . . [¶] [A] responsible exercise of discretion is in some cases warranted to determine

---

[6]We agree with *Campbell* at page 152, footnote 1, and *Williams* at page 385, that *Depretto* v. *Superior Court* (1981) 116 Cal.App.3d 36 [171 Cal.Rptr. 810] does not address the meaning of the statutory language which authorizes transfer to the municipal court and does not discuss whether transfer is permissible. We reject any implication a trial court is without power to order a transfer under the appropriate circumstances.

that in light of the properly evaluated status of a particular case, a litigant's right to attempt to establish a certain level of damages must at some point be found to have been forfeited. Unquestionably, trial courts have the ability to look beyond the face value of a case to evaluate its true worth . . . ." (216 Cal.App.3d at p. 387.)

### D. The Walker Case

Division Seven of this district disagreed with *Campbell* (mentioning *Williams* only in a footnote), describing *Campbell* as "a departure from all authority." (*Walker* v. *Superior Court* (1990) 217 Cal.App.3d 1378, 1385 [266 Cal.Rptr. 569].) *Walker* held "when a complaint contains a good faith demand for more than $25,000, a superior court judge, who may think the case is 'worth' less than that, does not have discretion to transfer the case to municipal court." (*Id.* at p. 1387.)

*Walker* stated that prior to *Campbell*, "it was settled that when jurisdiction depended upon the dollar amount in controversy, the demand was determinative." (217 Cal.App.3d at p. 1381.) *Walker*'s broad statement fails to consider that as early as 1933, section 396 provided for transfer when the action did not fall within the jurisdictional limits of the court in which the complaint had been filed. *Walker* also does not mention several cases prior to *Campbell*, which held that whether the court has jurisdiction depends upon the nature of the case and that the prayer of the complaint is not conclusive. (See, e.g., *St. James Church* v. *Superior Court* (1955) 135 Cal.App.2d 352, 356 [287 P.2d 387].)

*Walker*, however, recognizes exceptions where a demand is made in bad faith or is not supported by the allegations of the pleading. (217 Cal.App.3d at p. 1382.)

Contrary to the *Walker* description of *Campbell*, nothing in *Campbell* implies the threshold for transfer to the municipal court is "slight" or "superficial." *Campbell* held a trial court, which is fully informed of the facts and has thoroughly reviewed the case, has discretion to order transfer based upon "a comparative evaluation of the actual facts of the case and the allegations of the complaint and the damages claimed in the prayer." (213 Cal.App.3d at p. 151.) "[A] transfer to municipal court must not be made unless the lack of jurisdiction is clear." (213 Cal.App.3d at pp. 152-153.)

We hold that a trial court, after a comparative evaluation of all relative factors, has power pursuant to section 396 to order transfer to the municipal court whenever the demand in the prayer cannot realistically be supported.

E. *Application Here*

1. *Noticed Motion*

■ Here, the trial court sua sponte ordered the transfer without a noticed motion. *Campbell* v. *Superior Court, supra*, 213 Cal.App.3d at page 154, footnote 3, commented that a noticed motion procedure is "preferable" to a sua sponte proceeding so as to assure the plaintiff of the opportunity to resist transfer. *Williams* v. *Superior Court, supra*, 216 Cal.App.3d at page 386, expanded upon the "preference" for a noticed motion. "Such orderly proceedings will assure that litigants, given adequate notice, will have a full opportunity to resist transfer and to inform the trial court of all the matters it should consider in the sound exercise of its discretion."

Although the trial court ordered the transfer without notice to Williams, that defect was cured when Williams sought reconsideration. At the noticed hearing on the motion to reconsider, Williams had an opportunity to inform the trial court of all matters relevant to the transfer issue. We therefore find that Williams was not prejudiced by the procedure followed here. However, we emphasize the preference for a noticed motion in the first instance so that the trial court can be fully informed of the facts and thereby make a thorough examination of the case in order to make a proper evaluation of the jurisdictional issue before deciding whether to take the drastic step of transferring the action to the municipal court.

2. *Amount in Controversy*

■ The standard of review on an order transferring a case to the municipal court is that for abuse of discretion. (*Campbell* v. *Superior Court, supra*, 213 Cal.App.3d at p. 148.) The test for abuse of discretion is whether the trial court "exceeded the bounds of reasons or contravened the uncontradicted evidence. [Citations.]" *IT Corp.* v. *County of Imperial* (1983) 35 Cal.3d 63, 69 [196 Cal.Rptr. 715, 672 P.2d 121].)

■ The amount of the arbitration award does not, standing alone, constitute a prior determination of an amount less than the jurisdictional limits of the superior court. (*Campbell* v. *Superior Court, supra*, 213 Cal.App.3d at p. 153.)

■ The facts here do not fall within the standard set forth in *Campbell* and *Williams.* Unlike *Campbell,* Williams has incurred medical expenses in excess of $6,000, is claiming wage losses over $40,000, and is requesting future medical expenses and wage loss. A medical evaluation, dated June

23, 1989, refers to permanent damage to the left knee and includes restrictions on standing, sitting and squatting.

The record includes a declaration that Williams requested trial de novo, believing in good faith that the value of her claim exceeds the $17,000 arbitration award and that she expects recovery in excess of $80,000.

Based upon these uncontradicted assertions, only one inference can reasonably be drawn from the facts.[7] (*Shamblin* v. *Brattain* (1988) 44 Cal.3d 474, 478-479 [243 Cal.Rptr. 902, 749 P.2d 339].) A writ of mandate is a proper remedy under these circumstances. (*Nathanson* v. *Superior Court* (1974) 12 Cal.3d 355, 361 [115 Cal.Rptr. 783, 525 P.2d 687].)

### DISPOSITION

Let a peremptory writ of mandate be issued directing the respondent court to vacate its order transferring this action to the municipal court and to proceed with the litigation in the superior court.

---

[7] In the event evidence presented at any future hearing shows the amount in controversy is less than plaintiff presently asserts, nothing in this opinion shall be deemed a bar to a transfer to the municipal court grounded upon a determination based upon new facts.