Filed 5/19/16  Brannon v. Iafornaro CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| LYNNE BRANNON, | D068663 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. D552922) |
| ANGELEA IAFORNARO, | |
| Defendant and Respondent. | |


APPEAL from an order of the Superior Court of San Diego County, Paula S. Rosenstein, Judge.  Affirmed.

Lynne Brannon, in pro. per., for Plaintiff and Appellant.

Randolph McNichol for Defendant and Respondent.

Lynne Brannon appeals from a domestic violence restraining order (Order) that requires her to stay away from, and precludes certain personal conduct related to, her daughter, Angelea Iafornaro, and Iafornaro's six-year-old son (Brannon's grandson), B.F. Brannon's arguments on appeal are based on what she contends was said and done at

hearings that preceded and resulted in the Order. However, by not providing an adequate record on appeal from which we can determine the evidence that was presented or what was said at the hearings, Brannon has not met her burden of establishing error. Accordingly, we will affirm the Order.

I.

BURDENS ON APPEAL

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "It is well settled, of course, that a party challenging a judgment [or order] has the burden of showing reversible error by an adequate record." (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9 (*Mountain Lion Coalition*).) As particularly applicable in the present appeal, *Estate of Fain* (1999) 75 Cal.App.4th 973 (*Fain*) instructs: "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment [or order] must be conclusively presumed correct as to all evidentiary matters. To put it another way, *it is presumed that the unreported trial testimony would demonstrate the absence of error*." (*Id.* at p. 992, italics added & deleted.)

Iafornaro has not appeared in the appeal. California Rules of Court, rule 8.220(a)(2) provides that where there is no respondent's brief, "the court may decide the appeal on the record, the opening brief, and any oral argument by the appellant." We do not consider the failure to file a respondent's brief as an admission of error; we review the presentation by Brannon (as appellant) — here, a clerk's transcript and a brief — and determine whether she has met her burden of establishing reversible error. (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 419, fn. 2 (*Gonzalez*) [domestic violence restraining order].)

In the trial court, at times Brannon was represented by counsel, and at times (including in preparation for and at the hearing at which the Order was issued) she represented herself. On appeal, Brannon is representing herself. In both the trial and appellate courts, the procedural rules apply the same to self-represented parties as to parties represented by counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210 ["a party appearing in propria persona . . . is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys"].)

3

II.

FACTUAL AND PROCEDURAL BACKGROUND[1]

Brannon initiated the underlying matter that preceded the restraining order proceedings by filing a petition in January 2015, seeking custody and visitation of B. F.[2] In Brannon's supplemental declaration filed in support of her petition in February 2015, Brannon presented evidence about the condition of the daycare center B. F. attended.

The next items in the record are three declarations from Brannon — two filed in late June 2015 and one filed in early July 2015. They appear to have been submitted in opposition to a request for a restraining order by Iafornaro.[3]

The record on appeal also contains the clerk's minutes from the July 14, 2015 hearing on Iafornaro's request for a restraining order. The minutes reflect that the court

---

[1]    We base our factual and procedural recitation on what Brannon presented in the one-volume clerk's transcript, disregarding statements in Brannon's brief that do not find support in the record on appeal. (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632.)

[2]    At various places in her brief, Brannon references factual "details" regarding her January 2015 petition. In a supplemental declaration in support of the petition, Brannon refers to an original declaration she filed in support of the petition, in which she "described the situation between [Iafornaro and B. F.], and the bond that he has with me and why we need to resolve the child sharing problem we have among us." However, because Brannon did not include a copy of the original declaration in the record on appeal, the record does not contain any *evidence* of the facts which she attributes to the "details" in support of the petition.

[3]    From context in Brannon's brief — which is not evidence (*In re Zeth S.* (2003) 31 Cal.4th 396, 413, fn. 11 [arguments in briefs not evidence]) — we understand that the first two declarations were submitted in opposition to Iafornaro's request for a temporary restraining order and the third declaration was submitted in opposition to Iafornaro's request for the final restraining order.

4

received evidence, entertained argument and issued the requested restraining order. The court also filed a formal order on Judicial Council Form DV-130, which we previously identified as the Order. Among other directives, the Order contains personal conduct orders and stay-away orders that preclude Brannon from having any contact with Iafornaro or B. F.

Brannon timely appealed from the Order.

The record on appeal is comprised entirely of the above-described eight documents. We have not been provided a copy of Iafornaro's request for a restraining order, any of the written documentation Iafornaro may have submitted in support of her request, or — most significantly — any reporter's transcripts of trial court proceedings.

## III.

## DISCUSSION

We review a trial court's order issuing a domestic violence restraining order for an abuse of discretion. (*Gonzalez*, *supra*, 156 Cal.App.4th at p. 420.) " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " (*Ibid.*, quoting from *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479.)

Thus, in determining whether the trial court abused its discretion in issuing the Order, we must consider *all* of the facts that were before the trial court. Here, however, as we explained *ante*, without a reporter's transcript, we "presume[] that the unreported trial testimony would demonstrate *the absence of error*." (*Fain*, *supra*, 75 Cal.App.4th at

5

p. 992, italics added.)  Thus, without a complete reporter's transcript, we presume the court heard testimony *both* that supported Iafornaro's claim for a restraining order *and* that defeated any defense Brannon may have presented.  Stated differently, because the record presented by Brannon is "inadequate for meaningful review," Brannon did not meet her burden of establishing reversible error, "and the decision of the trial court should be affirmed."  (*Mountain Lion Coalition*, *supra*, 214 Cal.App.3d at p. 1051, fn. 9.)

We recognize and appreciate that Brannon's underlying request for grandparent custody and visitation is serious and important — not only to Brannon, but also to B. F.  However, so too is the Order (based on evidence of domestic violence) and the protection it affords — not only to Iafornaro, but also to B. F.  As an appellate court, we have not seen the witnesses, heard the testimony or reviewed the exhibits (if any) that were presented to the trial court — i.e., the *evidence* upon which the Order is based.  By not providing this information to us, Brannon has precluded meaningful appellate review of the Order.

DISPOSITION

The restraining order after hearing, filed July 14, 2015, is affirmed.[4]  In the interest of justice, costs on appeal are not awarded.  (Cal. Rules of Court, rule 8.278(a)(5).)


                                                                              IRION, J.

WE CONCUR:


HALLER, Acting P. J.


AARON, J.

---

[4]     We express no view on the merits of Brannon's January 2015 petition for custody and visitation of B. F.