Filed 1/27/22  Marriage of G.A. and K.A. CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of G. and K. A. | |
| K.A., | F080718 |
| Respondent, | (Super. Ct. No. 17CEFL03616) |
| v. | |
| G.A., | **OPINION** |
| Appellant. | |

APPEAL from a judgment of the Superior Court of Fresno County.  Robert Mangano, Judge.

Moran Law Firm, LLP, Amanda K. Moran and Janay D. Kinder, for Appellant.

No appearance for Respondent.

-ooOoo-

In this child custody matter, appellant G.A., the children's father (Father), appeals from the trial court's denial of his motion to remove a court-ordered requirement that his

custody or visitation time with his children be supervised.[1]  Since Father is a person who must register as a sex offender, the standard set forth in Family Code section 3030 was applicable to the resolution of his motion.  Under Family Code section 3030, subdivision (a)(1), "[n]o person shall be granted physical or legal custody of, or unsupervised visitation with, a child if the person is required to be registered as a sex offender under Section 290 of the Penal Code where the victim was a minor … *unless the court finds that there is no significant risk to the child* and states its reasons in writing or on the record."  (Fam. Code, § 3030, subd. (a)(1), italics added.)  In the proceedings below, the trial court found that Father had failed to convincingly prove there would be no significant risk to the children if the supervision requirement were removed, and therefore the trial court denied the motion.  Father now challenges that ruling.  Our review of the trial court's custody ruling is under the deferential abuse of discretion standard.  In applying that deferential standard on the record before us, we are unable to conclude the trial court abused its discretion under the circumstances.  Accordingly, the order of the trial court is affirmed.[2]

## FACTS AND PROCEDURAL HISTORY

Original 1998 Offense Requires Father to Register as Sex Offender

In 1998, Father pleaded guilty to rape by use of drugs of a 14-year-old girl, a felony violation of Penal Code section 261, subdivision (a)(3).  He also pleaded guilty to burglary, a felony violation of Penal Code section 459.  Father was sentenced to a prison term of six years eight months.  He was released early from prison on parole in 2001 and

---

[1]     We note that no respondent's brief has been filed herein.  We shall proceed to consider the appeal based on Father's opening brief under the record provided to us. (Cal. Rules of Court, rule 8.220(a)(2).)

[2]     Although we affirm the trial court's determination, we note that Father is not precluded from making a subsequent request in the trial court to remove the supervision requirement, if he believes he is able to make a more adequate showing under Family Code section 3030.

2.

discharged from parole in 2002. As a result of the conviction for committing rape against a minor, Father was and is required to register as a sex offender pursuant to Penal Code section 290.

After Release From Prison, Father's Marriage and Children

Shortly after his release from prison, appellant was married to K.A., the children's mother (Mother). They had four children together during their marriage: R.A., born in 2002; N.A., born in 2005; V.A., born in 2006; and G.A, born in 2013. In recent years, Mother and Father were separated, and Mother's involvement in parenting became relatively limited, while Father took on a much more significant role in raising the children. In fact, Father asserted that he has been the children's "sole caregiver." As of 2018, Mother's residence was a homeless shelter, during which time she was not employed and without a car, so it was difficult to visit the children.

New Charges Against Father in 2016

On December 30, 2016, Father was arraigned under criminal case No. F16907695 in the Fresno County Superior Court. The charges alleged against Father at that time were (1) violation of Penal Code section 261, subdivision (a)(3) (rape by use of drugs) and (2) violation of Penal Code section 261.5 (unlawful sexual intercourse with a minor). Thus, the 2016 allegations against Father asserted the identical type of offense as had occurred in 1998—i.e., rape by use of drugs against a minor.

On February 16, 2018, a preliminary hearing was held before the Honorable Arlan L. Harrell. At that preliminary hearing, as summarized by the trial court in the subsequent child custody hearing, "[t]wo witnesses were presented by the District Attorney's Office, and three witnesses presented by [Father]. At the conclusion of the evidence [at the preliminary hearing], [Father] was held to answer on both counts." On March 7, 2018, Father was charged in an "Information" with rape by use of drugs, in

3.

violation of Penal Code section 261, subdivision (a)(3), and unlawful sexual intercourse with a minor, in violation of Penal Code section 261.5, subdivision (c).

Mother Files for Divorce

On June 26, 2017, about six months after the new charges were filed against Father, Mother filed a petition for dissolution of marriage.

Custody Hearings Before Judge Zepeda

The dissolution proceedings led to the necessity of determining issues of child custody and visitation. In the course of such proceedings, it was recognized that Family Code section 3030 applied, which was first addressed in this case by Fresno County Superior Court Judge Francine Zepeda. On August 14, 2017, Judge Zepeda preliminarily ordered that the children reside with Father, with Mother having visitation every Saturday. On September 21, 2017, the parties were provided with a copy of Family Code section 3030. At that time, in view of the requirements of Family Code section 3030 and the pending criminal charges against Father, Judge Zepeda ordered that Father's custody time with the children must be *supervised* by a third party at all times. D.P. (Father's girlfriend) and J.C. (Father's mother) were approved to serve as third-party supervisors. Father would have the right to bring a subsequent motion under Family Code section 3030 to seek to overcome the presumption stated in that section. At a later hearing on November 21, 2017, Judge Zepeda clarified that Father would be allowed to take and pick up the children to and from school unsupervised.

On April 9, 2018, a hearing was held before Judge Zepeda to consider a motion by Father to remove the supervision requirement regarding Father's parenting time with the children. Judge Zepeda ruled that the supervision requirement would not be lifted. In light of the still pending criminal charges that were not yet tried or resolved, it was held that Father had not rebutted the presumption under Family Code section 3030. In so ruling, Judge Zepeda commented from the bench: "Without the pending charge, I would

4.

find that you had rebutted the presumption. But with the pending charge, I'm having a problem with finding that you have rebutted it." On May 25, 2018, after the parties participated in mediation, a child custody and visitation order was entered by Judge Zepeda. The order confirmed that Father has joint legal and sole physical custody of the minor children, subject to the *supervision* requirement.

The 2016 Criminal Charges Against Father Dismissed

On May 16, 2019, the 2016 criminal charges against Father were dismissed, without prejudice, on a motion by the district attorney approximately one week prior to the date of trial.

New Motion Filed by Father Under Family Code Section 3030

On June 14, 2019, Father filed a motion to remove the requirement of third-party supervision of his child parenting time. An evidentiary hearing on that motion was held on December 12, 2019, before Fresno County Superior Court Judge Robert Mangano (the trial court). In support of his motion, Father argued that the supervision restriction should be removed because the 2016 criminal charges had been dismissed. Additionally, Father testified at the hearing that he has never done anything to endanger his children, nor would he ever do so. He claimed to be innocent of the 2016 charges. He asserted he is a good father to his children, with whom he has a close relationship. As further support for the motion, Father's girlfriend and mother, who served as third-party supervisors of Father's visits with the children, each testified that Father appeared to be a good, attentive and caring father and never did anything inappropriate. Finally, Father's three oldest children provided declarations to the trial court stating that they feel completely safe with their father and would prefer to have the supervised visitation lifted.

A court-ordered "Tier 3" mediation resulted in a Child Custody Recommending Counselor Report (report) being prepared and submitted to the trial court and parties prior to the hearing on the motion. The report was prepared by Robert Preston, as the child

custody counselor. The report noted that Mother's position was one of deference to the trial court on whether or not to leave the supervision requirement in place; however, Mother expressed some concern that since Father was allegedly dishonest about certain things stated in his declaration, she was not sure that he was being honest in his denial of the 2016 charges. On the main issue of whether Father's custody of his children should be unsupervised, the report cautiously favored Father's position. The report stated the counselor's recommendation as follows: "The main issue of consideration for this case is whether it is in the children's best interest to have unsupervised visits [with] the father. The counselor finds it highly suspicious that the father has faced similar charges related to inappropriate sexual behavior years apart. Certainly the counselor can understand how a previous conviction for a sex crime can create a situation in which individuals might exploit this issue against the father, and that this history can possibly influence a response from the criminal justice system in how allegations are pursued. [However,] [t]he father did not offer explanation regarding the suspicious circumstance but simply offered argument that the most recent criminal charges were dismissed. There may very well be plausible explanations for the separate, but similar, cases. The counselor is unaware of these explanations.… Currently, the criminal case has been dismissed and the children presented a clear preference for a custody arrangement with the father.[3] All of the children are comfortable with having unsupervised visits with their father and they universally deny any issues of concern have occurred in the past.… The counselor

---

**3**    While the children indicated they are comfortable with Father, that was not the case concerning Mother. The counselor reported the children "universally find the mother's boyfriend odd, creepy, or generally off putting." As to Mother's situation, the counselor further noted in his report that "the living situation provided by the mother includes sharing a single living area with multiple adults. This provides limited space or privacy for the children, and is likely inappropriate for overnight visits. The counselor will note that mother has, for years, been unable to obtain residential or financial stability. She continues to have no means of transportation. These issues of instability may be difficult to overcome if they are connected to longstanding mental health issues."

cautiously recommends <u>that the requirement for supervised visits is not necessary at this time</u>, if the court can find justification in response to [Family Code section] 3030." (Original underscoring.)

Trial Court's Ruling on Motion

On January 6, 2020, after considering the evidence and argument, the trial court issued its written order denying Father's motion. In explaining its ruling, the trial court relied on the fact that the 2016 charges had gone through the process of a preliminary hearing to examine the evidence, which resulted in Father being required, under a reasonable or probable cause standard, to answer and stand trial.[4] Further, the trial court noted that Father "was arrested and charged with the same specific sex offense: rape by use of drugs … committed against a minor." Further, the trial court observed the charges were dismissed "without prejudice" and the statute of limitations had not expired. The trial court held that "notwithstanding the fact that the criminal allegations were dismissed," under the circumstances "they can be considered in the determination of whether there is a significant risk under Family Code [section] 3030[, subdivision] (a)." As the trial court further explained: "Based on the nature of the same relatively unique criminal allegation, rape by use of drugs, again allegedly against a minor victim, with sufficient evidence to satisfy the *Ingle* standard at the preliminary hearing, it would be proper to utilize this information as a factor in the significant risk analysis."

Thus, the trial court found the 2016 allegations to be a factor on the issue of whether a significant risk existed under Family Code section 3030. The trial court then weighed and considered the remaining evidence, but found it was inadequate to make a

---

[4]     Sufficient cause to require the accused to answer or stand trial requires the magistrate at the preliminary hearing to find there is reasonable or probable cause that the public offense has been committed. (See *Williams v. Superior Court* (1969) 71 Cal.2d 1144, 1147; Pen. Code, § 872; see also *People v. Ingle* (1960) 53 Cal.2d 407, 412–413 (*Ingle*).)

definite assessment of whether there would be no significant risk to the children if the supervision requirement were removed. The trial court stated its conclusion as follows: "The evidence submitted by [Father] provides no basis to make a reasonable assessment of significant risk as required by the Legislature in Family Code [section] 3030[, subdivision] (a). [¶] … [¶] This Court has received and considered the evidence presented in this case, observed the witnesses and their demeanor, judged the credibility of witnesses, and determined what weight to afford to the presented evidence. The Court finds [Father] has failed to satisfy the Family Code [section] 3030[, subdivision] (a) standard by a preponderance of the evidence,[5] and his request to remove the supervised visitation requirement is therefore denied."

<u>Father's Appeal</u>

Father timely filed his notice of appeal on February 3, 2020. Father contends on appeal that the trial court abused its discretion in failing to grant his motion to remove the supervision requirement. In substance, Father argues the record before the trial court conclusively showed there would be "no significant risk" to his children under Family Code section 3030 if he were restored to unsupervised child custody because (i) Judge Zepeda's earlier ruling had indicated the motion would have been granted but for the then pending 2016 criminal charges, which charges were dismissed, and (ii) other factors showed there was no reasonable basis for denial of Father's motion. As explained below, Father's arguments fall short of establishing an abuse of discretion in this unique case.

---

**5**    A preponderance of evidence means evidence which, in the assessment of the trier of fact, has " 'more convincing force than that opposed to it.' " (*Glage v. Hawes Firearms Co.* (1990) 226 Cal.App.3d 314, 324; accord, *People ex rel. Brown v. Tri-Union Seafoods, LLC* (2009) 171 Cal.App.4th 1549, 1567.)

8.

## DISCUSSION

### I. Standard of Review

Because the trial court's ruling under Family Code section 3030 constitutes an order determining custody or visitation issues, we review the trial court's ruling under the deferential abuse of discretion test. (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255.) Under this test, broad deference must be shown to the trial judge. The reviewing court should only interfere if it finds that under all the evidence, viewed most favorably in support of the trial court's action, no judge could reasonably have made the order under consideration. (*Ed H. v. Ashley C.* (2017) 14 Cal.App.5th 899, 904.) " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319; accord, *In re Marriage of Connolly* (1979) 23 Cal.3d 590, 598 ["it is generally accepted that the appropriate test of abuse of discretion is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered"].)

To the extent the appeal challenges the trial court's foundational factual findings, our review is limited to whether any substantial evidence, contradicted or uncontradicted, supports the trial court's ruling. We resolve conflicts in the evidence in favor of the prevailing party and draw all reasonable inferences to uphold the trial court's decision. (*Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 300; see also *In re Robert L.* (1993) 21 Cal.App.4th 1057, 1065 [abuse of discretion review often involves a substantial evidence component].) "Even though contrary findings *could* have been made, an appellate court should defer to the factual determinations made by the trial court when the evidence is in conflict." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 479.)

" 'The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

## II. Overview of Family Code Section 3030

Family Code section 3030, subdivision (a)(1) states, in relevant part, as follows: "No person shall be granted physical or legal custody of, or unsupervised visitation with, a child if the person is required to be registered under Section 290 of the Penal Code where the victim was a minor, … *unless the court finds that there is no significant risk to the child and states its reasons in writing or on the record*. The child may not be placed in a home in which that person resides, nor permitted to have unsupervised visitation with that person, unless the court states the reasons for its findings in writing or on the record." (Fam. Code, § 3030, subd. (a)(1), italics added.)

Further, Family Code section 3030, subdivision (a)(3) provides as follows: "The fact that a child is permitted unsupervised contact with a person who is required, as a result of a felony conviction in which the victim was a minor, to be registered as a sex offender under Section 290 of the Penal Code, shall be prima facie evidence that the child is at significant risk. When making a determination regarding significant risk to the child, the prima facie evidence shall constitute a presumption affecting the burden of producing evidence. However, this presumption shall not apply if there are factors mitigating against its application, including whether the party seeking custody or visitation is also required, as the result of a felony conviction in which the victim was a minor, to register as a sex offender under Section 290 of the Penal Code." (Fam. Code, § 3030, subd. (a)(3).)

The evident purpose of the above provisions is to protect minor children when custody or visitation determinations are made by ensuring that a trial court appropriately

considers the risk of granting custody or visitation to a parent who is a registered sex offender.  As such, these provisions serve to advance an important family law public policy set forth in Family Code section 3020, which states:  "The Legislature finds and declares that it is the public policy of this state to ensure the health, safety, and welfare of children shall be the court's primary concern in determining the best interests of children when making any orders regarding the physical or legal custody or visitation of children." (Fam. Code, § 3020, subd. (a); see also Stats. 2005, ch. 483, § 1 (Sen. Bill No. 594) [stating similar legislative findings with specific reference to Fam. Code, § 3030].)

**III.  No Abuse of Discretion Demonstrated by Father**

A.  <u>Trial Court's Ruling Not Outside the Bounds of Reason Under the Circumstances</u>

Here, the trial court found that Father had failed to convincingly prove that there would be no significant risk to the children if the supervision requirement were removed. Accordingly, Father's motion was denied.  The trial court's decision appears to have relied to a considerable extent upon the fact that, even though ultimately dismissed, the 2016 criminal charges against Father were (i) supported with sufficient evidence at a preliminary hearing to require Father to answer and potentially stand trial, and (ii) the 2016 criminal allegations were remarkably similar in nature to what happened in the original offense in 1998.  Moreover, implicit in the trial court's assessment of this matter was, as the counselor stated in the report to the trial court, no explanation for the 2016 criminal charges and the circumstances thereof was ever provided.  The trial court also emphasized it observed the witnesses' demeanor, judged their credibility, and determined what weight to afford the presented evidence.  The trial court further found the evidence submitted by Father, including the declarations of his mother and girlfriend to be too sparse and conclusory to persuade the trial court that no significant risk existed. Additionally, the trial court deemed the children's opinions on whether a significant risk may have existed in this context to be of doubtful utility.  Under all the foregoing

11.

circumstances, the trial court concluded that Father had failed to persuasively show no significant risk to the children for purposes of Family Code section 3030, and therefore the motion to remove the supervision requirement was denied.

Based on the above described summary of the trial court's evaluation of the facts and circumstances before it, we conclude the court's ruling was adequately supported and was *within the bounds of reason*, even if a contrary inference was also possible. As we have noted, " '[t]he appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " (*In re Stephanie M.*, *supra*, 7 Cal.4th at pp. 318–319.) Following this deferential standard, we find that no abuse of discretion has been shown. That is, on this record, we are unable to conclude the trial court's ruling was outside the bounds of reason, all the circumstances before it being considered. (See *In re Marriage of Connolly*, *supra*, 23 Cal.3d 590, 598 [stating deferential abuse of discretion standard].)

B. <u>Father's Arguments to the Contrary Unconvincing</u>

Father's appeal presents several arguments seeking to persuade us that the trial court's denial of his motion to remove the supervision requirement constituted an abuse of discretion. These arguments, which we find unconvincing, are addressed briefly below.

To begin with, Father argues that the trial court erred in denying the motion because, at a prior hearing, a different judge (Judge Zepeda) indicated that she would have found there was no significant risk to the children if it were not for the existence of the new criminal charges filed against Father in 2016. Based on this remark by Judge Zepeda, Father argues that when—*after* the 2016 criminal charges were dismissed in 2019—he filed his subsequent motion under Family Code section 3030, the trial court was *obligated* to grant the motion. We reject this line of argument. Father has failed to

present any authority or cogent legal argument for the proposition that the trial court was compelled to rule in a certain way based on comments made from the bench by another judge at an earlier motion hearing. As a result of this fundamental failure by Father, his contention is forfeited on appeal. (See *Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418 [where appellant fails to support a point with reasoned argument and citations to authority, we treat the point as waived]; accord, *Bank of America, N.A. v. Roberts* (2013) 217 Cal.App.4th 1386, 1399.)

Moreover, as the trial court correctly reasoned in its ruling, the isolated statement made by Judge Zepeda from the bench at the time of the earlier motion appeared to be preliminary or anticipatory in nature, *not* a final or binding order based on all the facts and circumstances. Such would appear to be a sound and reasonable construction of Judge Zepeda's comments, since Judge Zepeda expressly indicated she was not going to get into the evidence concerning the new criminal allegations or make a final determination at that time, since it would be premature to do so while the allegations were still pending. While it was clearly assumed that Father would have an opportunity to bring a new motion after the termination of the criminal case—which is what eventually occurred—there is nothing to indicate that Judge Zepeda's remarks can or should be used to preempt judicial discretion or compel a particular outcome. For all these reasons, we conclude that Father's claim of error premised on the allegedly binding effect of Judge Zepeda's remarks is unpersuasive and without merit.

Father also argues that no risk to the children would exist if the supervision restriction were removed because, allegedly, the actions for which he sustained a conviction did not stem from a desire to engage in sexual intercourse with minor female children and did not stem from a pedophilic disorder. However, these statements purportedly describing Father's underlying condition or tendencies are asserted in Father's brief on appeal as mere conclusions, without any reference to evidence in the

13.

record.  Bare assertions of fact set forth in a party's argument are not a substitute for citation to a supporting record, and an appellant's failure to reference an adequate record will result in a forfeiture of the argument.  (*Byars v. SCME Mortgage Bankers, Inc*. (2003) 109 Cal.App.4th 1134, 1140 ["An appellant must support his argument in the briefs by appropriate references to the record"]; *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 [argument may be disregarded on appeal where appellant failed to provide citation to supporting factual record]; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 [failure to support an argument with necessary citations to the record results in waiver or forfeiture of the argument]; accord, *Shenouda v. Veterinary Medical Bd*. (2018) 27 Cal.App.5th 500, 514.)  Therefore, Father's argument premised on his conclusory and unsupported assertions set forth in his appellate brief is deemed waived or forfeited on appeal and does not establish that the trial court erred or abused its discretion.

Lastly, Father argues that because he was granted sole physical custody of the children, even if it was subject to a supervision requirement, it must mean he was not a significant risk to his children.  In connection with this argument, Father points out that Family Code section 3030 does not permit a person to be granted physical or legal custody, or unsupervised visitation, with a child if the person is required to be registered as a sex offender where the victim was a minor "*unless* the court finds that there is no significant risk to the child and states its reasons in writing or on the record."  (Fam. Code, § 3030, subd. (a)(1), italics added.)  According to Father, it would "directly contradict[]" these provisions of section 3030 to allow Father to have physical custody, as occurred here, unless it was implicitly understood by the trial court that there was no significant risk pursuant to Family Code section 3030.

Although the foregoing argument has some plausibility, it falls short of affirmatively demonstrating an abuse of discretion in this case for the reasons we now

14.

explain. First, Family Code section 3030 requires an actual finding by the trial court "that there is no significant risk to the child," which finding must include an express statement of the trial court's reasons in writing or on the record. (Fam. Code, § 3030, subd. (a)(1).) Because Father has failed to refer this court to any custody order providing an *express* finding of no significant risk to the children, he has plainly failed to show compliance with the requirement of Family Code section 3030. In other words, where, as here, no express finding of no significant risk has been made, the mere allowance of a qualified or supervised form of custody under existing orders does not necessarily establish an absence of significant risk. Second, Father cannot persuasively argue that his existing custody relationship *by itself* equates to there being no significant risk to the children when the nature of that custody relationship involves the requirement of *supervised* contact. It is far more reasonable to view the requirement of supervised contact as a protective measure adopted in the furtherance of the purposes of Family Code section 3030—meaning that it was intended to remain in place until Father showed there is no significant risk. For all these reasons, Father's supervised custody order—i.e., the existing custody relationship—does not necessitate the conclusion that there would be no significant risk to the children in the absence of supervision or that the trial court abused its discretion in this case.[6]

---

[6]    Father does not press the statutory consistency argument further, and our holding is limited to the statutory argument as presented. Obviously, Father is not arguing that, for the sake of statutory consistency, he should not have been granted custody at all. In any event, since it was not adequately raised, we need not and do not address the further potential issue of whether the trial court's apparent compromise to *both* (i) allow Father physical custody of the children *and* (ii) make said custody subject to third-party supervision, fully comported with the language of Family Code section 3030, subdivision (a)(1). (But see Fam. Code, § 3030, subd. (a)(3) [indicating the statutory presumption of a risk to the children does not apply to the extent "there are factors mitigating against its application"].)

In summary, Father has failed to meet his burden of affirmatively demonstrating that the trial court's denial of his motion to remove the supervision requirement was outside the bounds of reason under all the circumstances. Although we conclude that no abuse of discretion has been shown by Father, which conclusion mandates we affirm the order of the trial court, we emphasize that our affirmance of the trial court's order herein does not preclude Father from pursuing a subsequent motion in the trial court under Family Code section 3030, whereby Father may at such time seek to remove the supervision requirement by more adequately demonstrating no significant risk.

## IV. Alleged Error by the Mediator

Finally, Father argues reversible error occurred because the "Tier 2 Mediator" erroneously inserted a restriction into his mediation report that Father "is not to be unsupervised with any female minors." Father argues that this restriction was never imposed against Father in any of the legal documents. Further, it is argued the erroneous restriction set forth in the Tier 2 Mediator's report may have caused the trial court to commit error in its ruling. As explained below, we reject Father's arguments relating to the mediator's report.

Our review is of the correctness of *the trial court's* order or judgment. (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) It is a fundamental rule of appellate law that the trial court's order or judgment is presumed to be correct, and accordingly error must be affirmatively demonstrated. (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 556–557.) All intendments and presumptions are indulged in favor of the correctness of the court's order or judgment. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Denham v. Superior Court*, *supra*, 2 Cal.3d 557, 564.) Any ambiguity in the record is resolved in favor of the appealed judgment or order. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631.) Consistent with these basic principles, "[t]he appellant must present an adequate argument including

16.

citations to supporting authorities and to relevant portions of the record." (*Yield Dynamics, Inc. v. TEA Systems Corp.*, *supra*, 154 Cal.App.4th at p. 557.)  The burden of affirmatively demonstrating error "rests on the appellant." (*Winograd v. American Broadcasting Co.*, *supra*, 68 Cal.App.4th at p. 632.)  Furthermore, "even if error is demonstrated it will rarely warrant reversal unless it appears 'reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' [Citations.]  This means the appellant must show not only that error occurred but that it is likely to have affected the outcome." (*Yield Dynamics, Inc. v. TEA Systems Corp.*, *supra*, 154 Cal.App.4th at p. 557.)

Here, Father has inappropriately framed the issue on appeal as whether there was reversible error on the part of the Tier 2 Mediator.  As so articulated, such an argument is clearly misplaced because our role, as an appellate court, is to review *the trial court's order or judgment* from which the appeal was taken (See, e.g., *In re Zeth S.*, *supra*, 31 Cal.4th at p. 405; *In re Marriage of Arceneaux*, *supra*, 51 Cal.3d 1130, 1133; *Smith v. Smith* (1955) 135 Cal.App.2d 100, 108 [appellate court reviews the action of the trial court]), and not the mediator's conduct.  That is, under the basics of appellate law, reversal is only warranted where an appellant has affirmatively shown prejudicial error *on the part of the trial court.* (*Yield Dynamics, Inc. v. TEA Systems Corp.*, *supra*, 154 Cal.App.4th at pp. 556–557; see also Code Civ. Proc., § 475; Cal. Const., Art. VI, § 13.)

In any event, Father has failed to affirmatively demonstrate that any *judicial* error occurred in this case as a result of the allegedly erroneous statement contained in the Tier 2 Mediator's report.  It appears from the record that the trial court sought clarification of whether the mediator's statement to the effect that Father had been prohibited from being unsupervised with any female minors had any factual basis.  In response to the trial court's query, Father presented information, documents and argument allegedly showing there was nothing in the record or legal documentation that

17.

would support the mediator's statement.  Subsequently, on January 6, 2020, the trial court issued its written order denying Father's motion.  In the trial court's written order, which described the evidence relevant to the Family Code section 3030 motion, the Tier 2 Mediator's report was not mentioned, nor was there any indication that the trial court relied on any statement in the report by the Tier 2 Mediator.  Therefore, contrary to Father's argument, the record fails to establish the alleged error occurred, nor that such error, if any, resulted in prejudice.  Consequently, Father's claim of reversible error based upon an inaccurate statement contained in the Tier 2 Mediator's report is without merit.

## **DISPOSITION**

The order of the trial court is affirmed.  Father must bear his own costs on appeal.  Our affirmance of the trial court's order does not preclude Father from pursuing a subsequent motion in the trial court under Family Code section 3030.

LEVY, Acting P. J.

WE CONCUR:

POOCHIGIAN, J.

MEEHAN, J.