Filed 3/25/22  P. v. Smith CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ROBERT EUGENE SMITH,<br><br>     Defendant and Appellant. | A162211<br><br>(Contra Costa County<br>  Super. Ct. No. 59507138) |

      In 2018, the Legislature amended Penal Code section 1170.91[1] to authorize defendants sentenced for a felony conviction before January 1, 2015 to petition for a resentencing hearing at which the court could consider mitigating factors resulting from the defendant's military service.[2]

---

     [1] All statutory references are to the Penal Code unless otherwise stated.

     [2] Section 1170.91, subdivision (b)(1) states:  "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of the sentence, before the trial court that entered the judgment of conviction in his or

Robert Eugene Smith appeals from a postjudgment order denying his petition for resentencing pursuant to section 1170.91. Smith's court-appointed counsel filed a brief which raised no legal issues and asked this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Counsel represented that he advised Smith of his right to file a supplemental brief within 30 days and to request that the court relieve his counsel. Smith did not file a supplemental brief.[3] We affirm.

_____

her case, to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions: [¶] (A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing. [¶] (B) The person was sentenced prior to January 1, 2015. This subdivision shall apply retroactively, whether or not the case was final as of January 1, 2015."

[3] Several cases have declined to apply the protections afforded by *Wende* or its federal counterpart, *Anders v. California* (1967) 386 U.S. 738, to an appeal from a postconviction order. (See, e.g., *People v. Freeman* (2021) 61 Cal.App.5th 126, 133 [declining to conduct *Wende* review following denial of section 1170.91 petition even though appellant had filed a supplemental brief].) Whether an appellate court must undertake an independent review of the record on a postconviction appeal of the denial of a section 1170.95 petition is currently under review by the California Supreme Court. (See, e.g., *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278; *People v. Scott* (2020) 58 Cal.App.5th 1127, review granted Mar. 17, 2021, S266853; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.) We have elected to conduct an independent review of the record in this case in the interest of justice. (*People v. Flores* (2020) 54 Cal.App.5th 266, 268–269.)

## BACKGROUND

On February 24, 1995, after being served with divorce papers, Smith shot and killed his wife, shot and injured his wife's mother, and fled the scene with his three-year-old daughter. On March 18, 1996, Smith was convicted by a jury of first degree murder with personal use of a firearm (§§ 187, subd. (a), 12022.5, subd. (a)); attempted voluntary manslaughter with personal use of a firearm (§§ 664/192, subd. (a)); and child endangerment while armed with a firearm (§§ 273a, subd. (a), 12022, subd. (a)(1)). Smith was sentenced on September 6, 1996, to an aggregate prison term of 44 years, two months to life, consisting of an indeterminate term of 25 years to life, and a consecutive determinate term of 19 years, 2 months. On April 1, 1998, the judgment was affirmed on appeal.

On January 6, 2021, Smith filed a petition for recall of sentence and resentencing pursuant to section 1170.91, subdivision (b)(1). Smith alleged that the "intense training and multiple tours of duty [of his 1983-1989 military service] took a serious emotional and mental toll on him." Smith argued that he was an appropriate candidate for resentencing because he had "dedicated himself to rehabilitation and accepting responsibility for the harm he caused to [his victims]."

The People opposed Smith's petition for resentencing on two grounds. First, the People asserted that Smith was ineligible for relief under section 1170.91, either because Smith had been dishonorably discharged or because he had not experienced combat during his peacetime military service. Second, the People

3

argued that Smith had failed to prove a nexus between his military service and his mental health issues.

The trial court held a hearing on Smith's petition on January 8, 2021.[4]

Smith read a biographical statement at the hearing. He described the physical, sexual, and emotional abuse he endured as a child and outlined several traumatic incidents which had occurred during his service in the United States Army between 1984 and 1988. Smith told the court that he fell 100 feet from a helicopter during an "undocumented training accident" in 1984, and thereafter suffered "night sweats, intrusive night terrors [due] to a falling sensation, anxiety, back pain, and the loss of sleep." He said that he had seen a squad member "attacked by something unknown" while on night patrol in the Honduran jungle in 1985, describing this as a "terrifying event" which caused him to awaken from nightmares "with his heart racing, unable to sleep." Smith attributed his fear of being in close, tight spaces to being stuck in a foxhole during desert warfare training in Irwin, California in 1985. Smith had panic attacks while wearing a gas mask when he was stationed in West Germany. He claimed that his childhood and military experiences caused him to suffer from "undiagnosed PTSD."

Smith said that he smoked marijuana during his military service to help him sleep and lessen the intrusive memories. He

---

[4] The hearing was conducted informally. The court appeared to accept the documentary evidence attached to the petition and the witness statements as evidence without objection by either party.

4

was court-martialed in 1988 after being found in possession of 11 ounces of marijuana and sent to military prison. While in prison, Smith was violently attacked in his sleep and verbally humiliated by the prison guards.

Smith devoted a substantial part of his presentation to his efforts to rehabilitate and take responsibility for the commitment offenses. Smith described the tools he had learned to control his behavior and improve his life. Three counselors from Realize, a restorative justice program at Avenal State Prison, spoke about Smith's commitment to rehabilitation and the beneficial changes he had made while incarcerated. Smith's wife spoke about her positive relationship with him.

Smith's counsel pointed out that post-traumatic stress disorder (PTSD) was not commonly recognized or diagnosed when he served in the military in the 1980's. Counsel directed the court to the report of psychologist Shoko Kokubun, PhD, which provided "an overview of the diagnosis of [PTSD], the common characteristics of PTSD, among the military personnel, and its manifestation in or association with violence or aggressive behavior in veterans with PTSD." Counsel argued that Smith likely developed PTSD from his traumatic childhood and the incidents Smith described from his military service. Counsel acknowledged that Smith was eligible for resentencing only on the determinate portion of his sentence.[5]

---

[5] Smith's counsel stated: "[T]he particular Penal Code section . . . is limited to the determinate sentence portion. So currently Mr. Smith's current parole eligibility date is November of 2024. What we are asking for specifically, based on the

Two of Smith's victims made statements opposing the petition. Smith's daughter asked the court to ensure that he spent the rest of his life in prison.

The People focused their argument on the heinous nature of Smith's crime, arguing that the murder was "premeditated, planned, well thought out," rather than a "PTSD kind of emotional outburst." The People indicated that Smith's substance abuse, if any, was irrelevant because he was not under the influence of any substance at the time of the crime. Finally, the People pointed out that although Smith had provided the court with information about PTSD generally, the nexus between Smith's crimes and "this alleged PTSD diagnosis . . . is extraordinarily thin."

At the conclusion of the hearing, the trial court rejected the People's argument that Smith was ineligible for resentencing due to his dishonorable discharge or the nature of his military assignments and took the remaining issues under submission.

On January 19, 2021, the court issued a written decision denying Smith's petition for resentencing on the ground that he had not proven that he suffered from mental health or substance abuse problems as a result of his military service. The court found that "the only evidence of PTSD or other psychological or physical conditions mentioned in the statute . . . came from [Smith's] testimony about his time in the military and his

---

mitigation that we have presented to the court, is that the court resentence Mr. Smith on the determinate portion of the sentence, so that his parole eligibility date is advanced to 2021."

6

upbringing." The court specifically noted the absence of psychological testing, evaluation, or analysis of Smith by a licensed mental health professional. The court concluded that without corroborating evidence, "there is insufficient support for the 'nexus' between [Smith's] military service and any psychological/psychiatric condition(s) stemming from that service that can be attributed to the offense he was convicted of in this case, which is required by the language of the statute."

Smith filed a timely notice of appeal on March 4, 2021.

## DISCUSSION

"Since 2015, California law has required sentencing courts to consider, as mitigating factors weighing in favor of a low-term determinate sentence, any trauma, substance abuse, and mental health problems caused by a defendant's service in the United States military." (*People v. Estrada* (2020) 58 Cal.App.5th 839, 841.) When a defendant files a petition pursuant to section 1170.91, subdivision (b)(1), which makes a prima facie showing of the required elements, the trial court must hold a hearing on the petition. (§ 1170.91, subd. (b)(3); *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 237, 239.)

The trial court held a hearing in this case. No objection was raised below to the legal sufficiency of the hearing. We therefore find that even if there had been error, it was waived by counsel's failure to object. (*People v. Scott* (1994) 9 Cal.4th 331, 351.)

The statute provides that "[i]f the person satisfies the criteria, the court may, in its discretion, resentence the person

7

following a resentencing hearing." (§ 1170.91, subd. (b)(3); *People v. Coleman* (2021) 65 Cal. App.5th 817, 823.) Where, as here, the Legislature has expressly provided that a decision is within the trial court's discretion, we apply the abuse of discretion standard on review. "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478–479.)

In this case, the trial court "acknowledge[d] the testimony from [Smith] about the extremely difficult and traumatic upbringing he experienced, which no doubt has had a profound effect on his life." However, the court's conclusion that Smith had failed to meet his burden of producing evidence which established that he may, in fact, suffer from PTSD or other mental health condition, and which linked this mental health condition to his military service is supported by the record. Accordingly, the trial court acted within its discretion in denying Smith's petition for resentencing.

## DISPOSITION

The trial court's order denying Smith's petition for resentencing pursuant to section 1170.91 is affirmed.

8

_____
Mayfield, J.*

We concur:


_____
Richman, Acting P.J.


_____
Stewart, J.


*People v. Smith* (A162211)


        * Judge of the Mendocino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


9